**James E. CHANDLER**

v.

**STATE OF MARYLAND.**

No. 70–475–K, Case B.

United States District Court,
D. Maryland.

Sept. 25, 1972.

James E. Chandler, pro se.

Francis B. Burch, Atty. Gen., of Md., John P. Stafford, Jr., Asst. Atty. Gen., for respondent.

## MEMORANDUM AND ORDER

FRANK A. KAUFMAN, District Judge.

Chandler, in 1968, was convicted of first degree murder in the Criminal Court of Baltimore and was sentenced by that Court to life imprisonment. He then, with the assistance of counsel, unsuccessfully appealed to the Court of Special Appeals of Maryland. Chandler v. State, 7 Md.App. 646, 256 A.2d 695 (1969). Subsequently, the Court of Appeals of Maryland denied Chandler's certiorari application for further review. Thereafter, Chandler unsuccessfully filed in this Court, *pro se*, his first petition for a writ of habeas corpus, basing his claim for relief therein on only one of the four contentions he had raised on direct appeal in the Maryland courts, specifically that the prosecutor's inflammatory remarks to the jury denied him due process of law.

Returning to the courts of the State of Maryland in his quest for relief, Chandler next filed a petition under the Maryland Post Conviction Procedure Act raising again the same four contentions which he had previously presented to the Court of Special Appeals on direct appeal and, in addition, raising new claims that illegal identification procedures were used during his trial, that he was inadequately represented by trial counsel, and that he was denied the right to a review of his sentence pursuant to Md.Ann.Code art. 27, § 645A.[1] After a hearing at which Chandler was represented by court-appointed counsel and at which he testified in support of his claims, post-conviction relief was denied on February 3, 1971 by order of Chief Judge Dulaney Foster of the Criminal Court of Baltimore.[2] Application for leave to appeal was denied by the Court of Special Appeals on August 2, 1971.

Chandler then filed in this Court his present application for a writ of habeas corpus. By a Memorandum and Order of November 2, 1971, this Court dismissed all claims based upon alleged improper and prejudicial remarks made by the prosecutor to the jury but, in accordance with the Fourth Circuit's instructions in Johnson v. Copinger, 420 F.2d 395 (4th Cir. 1969), gave Chandler the opportunity to amend his present petition to show why the other contentions raised in that petition had not been raised in his first application for federal habeas corpus relief. Chandler complied with this Court's Order to amend his petition by alleging that (literally transcribed):

Petitioner respectfully submits to This Court, that he did not deliberately withhold the newly asserted grounds, for he had no knowledge what so ever of how or what he should file before This Court. The petitioner did in fact have to, at that time rely on the advice of inexperienced persons to proceed to This Court, and that although petitioner was not satisfied with the preparance of the Writ, he had no other alternative, or knew of no other alternative, so he did file, but he did not realize he could have abused the writ. * * *

* * * Although these issues were not known to the petitioner at the time of a previous writ before This Court, there were present in the

---

1. Chandler's petition for state post-conviction relief was identical to his present petition seeking a writ of habeas corpus.

2. A copy of Chief Judge Foster's order and opinion are included in the official court file in this case.

record for direct appeal, but counsel did not raise them, and at that time, petitioner did not know any proceedings, nor did he know the name of certain courts.

\* \* \* \* \*

The petitioner did not wilfully omit deliberately the issues now raised in his original writ, for he did not know of these issues, nor did he at that time know how to file a petition. These are the petitioners reasons for not previously presenting certain contentions to This Court in his first application for a writ of habeas corpus. This Court does not find persuasive Chandler's response that the grounds asserted in his second and present federal habeas corpus petition were not known to him at the time he filed his first application for a writ of habeas corpus. Three of the grounds which were omitted from the first petition but included in the second—the insufficiency of the evidence, the admission of hearsay statements, and the search and seizure question—were raised on direct appeal *before* Chandler filed his first petition in this Court. It is, therefore, difficult to give credence to Chandler's statement that he did not know of those three grounds when he filed that first federal habeas corpus petition. Chandler's failure to assert those known grounds in his first petition might well serve as an independent, and indeed as a threshold, basis for dismissing his second petition for fragmentation of claims.[3] However, bypassing that issue, this Court, after reviewing the trial and post-conviction hearing transcripts, finds that Chandler's claims are, on the merits, devoid of substance.

### Insufficiency of the Evidence

■■ Federal habeas corpus review of the sufficiency of the evidence supporting a state court conviction is limited to a determination of whether the conviction rests upon any evidence at all. Thompson v. City of Louisville, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960); Williams v. Peyton, 414 F.2d 776 (4th Cir. 1969); Young v. Boles, 343 F.2d 136 (4th Cir. 1965). Chandler has never denied that he killed one George Graves by shooting him with a shotgun. The Court of Special Appeals of Maryland, after reviewing the evidence in detail, held that there was sufficient evidence to support a conviction for first degree murder. Chandler v. State, 7 Md.App., *supra*, at 649–652, 256 A.2d 695 (1969). An independent reading and consideration of the trial transcript convinces this Court that, at the very least, there was *some* evidence that Chandler did have time to deliberate and form the intent to kill. Accordingly, Chandler's lack of evidence contention is lacking in merit herein as a basis for habeas corpus relief.

### Seach and Seizure

Shortly after Chandler shot Graves, two police officers entered the Chandler home without a search warrant, conducted a search, and seized a 12 gauge shotgun, one expended 12 gauge shotgun shell, a box of unexpended 12 gauge shotgun shells, a blood-stained shirt and a blood-stained handkerchief. The shotgun and the spent and unexpended shotgun shells were admitted into evidence over objection of defense counsel that they were obtained by an unlawful search and seizure. One of the police officers testified that he found the blood-stained shirt and handkerchief. Chandler was cross-examined extensively on why there was blood on those two articles of clothing. However, neither the shirt nor the handkerchief was introduced into evidence.

■■ The Court of Special Appeals held, in affirming Chandler's conviction on direct appeal, that the warrantless search and seizure was not constitution-

---

3. Johnson v. Copinger, 420 F.2d *supra* at 399–400; Richardson v. Maryland, Civil No. 20868 (D.Md. Nov. 26, 1969), appeal dismissed, No. 14,193 (4th Cir. March 21, 1972); Green v. Fitzberger, Civil No. 15144 (D.Md. Sept. 6, 1971), appeal filed, 4th Cir. Oct. 7, 1971.

ally invalid because Chandler's wife consented to the search. Chandler v. State, 7 Md.App., *supra* at 653–654, 256 A.2d 695. This Court agrees with that holding. Mrs. Chandler testified at her husband's trial that she invited the police officers to come into the house, that she told one of the officers that the shotgun could be found under a bed in one of the second floor bedrooms, and that she took the officer up to the second floor.[4] Mrs. Chandler had the authority to consent to a search of the house. United States v. Mix, 446 F.2d 615 (5th Cir. 1971) (consent by mother); United States v. Mojica, 442 F.2d 920 (2d Cir. 1971) (consent by brother); United States v. Thompson, 421 F.2d 373, 375–376 (5th Cir.), vacated and remanded, 400 U.S. 17, 91 S.Ct. 122, 27 L.Ed.2d 17 (1970) (consent by wife); United States v. Alloway, 397 F.2d 105 (6th Cir. 1968) (consent by wife); Roberts v. United States, 332 F.2d 892 (8th Cir. 1964), cert. denied, 380 U.S. 980, 85 S.Ct. 1344, 14 L.Ed.2d 274 (1965) (consent by wife); Stein v. United States, 166 F.2d 851, at 852 (9th Cir. 1948) (consent of woman residing with defendant "as man and wife"; Wade v. Warden, 278 F.Supp. 904, 905–906 (D.Md.1968) (Northrop, J.). *See* Coolidge v. New Hampshire, 403 U.S. 443, 487, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); Frazier v. Cupp, 394 U.S. 731, 740, 89 S.Ct. 1420, 22 L.Ed.2d 684 (1969); Amos v. United States, 255 U.S. 313, 317, 41 S.Ct. 266, 65 L.Ed. 654 (1921); United States v. Retolaza, 398 F.2d 235, 242–243 (4th Cir. 1968).

In Coolidge v. New Hampshire, *supra,* Mr. Justice Stewart wrote (at 487 of 403 U.S., 91 S.Ct. at 2048):

[W]e need not consider the petitioner's further argument that Mrs. Coolidge could not or did not "waive" her husband's constitutional protection against unreasonable searches and seizures.

Had Mrs. Coolidge, wholly on her own initiative, sought out her husband's guns and clothing and then taken them to the police station to be used as evidence against him, there can be no doubt under existing law that the articles would later have been admissible in evidence. Cf. Burdeau v. McDowell, 256 U.S. 465, [41 S.Ct. 574], 65 L.Ed. 1048 [1921].

Thus, Mr. Justice Stewart did not reach the question herein posed. That fact was specifically noted by the Fifth Circuit in United States v. Mix, *supra,* at 619–620 of 446 F.2d, involving the search of and a seizure in a home, and in which the Court found that defendant's mother—

enjoyed equal rights in the premises (including the room in which appellant slept) with appellant and voluntarily gave the detectives permission to search. The trial judge committed no error in denying appellant's motion to suppress the three weapons found by the detectives.[3]

3.  We withheld decision in this case pending the Supreme Court's ruling in Coolidge v. New Hampshire, 1971, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564. Because the Supreme Court held that no search and seizure took place when police officers went to the defendant's house and obtained from his wife a rifle and articles of clothing belonging to the defendant, it did not reach the issue of whether the defendant's wife could waive her husband's constitutional protection against unreasonable searches and seizures. In the absence of an authoritative pronouncement from the Supreme Court, we adhere to the established rule in this Circuit

. . . .

Similarly, this Court "[i]n the absence of an authoritative pronouncement from the Supreme Court," or the Fourth Circuit, will adopt and follow what it perceives to be the sound rule adopted specifically with regard to a search and seizure with the consent of

4.  T.Tr. of March 26, 1968 at 20, 21, 34, 36. One of the police officers also testified that Mrs. Chandler invited him into the house and directed him to the second floor

bedroom where he found the murder weapon. T.Tr. of March 22, 1968 at 72–75, 98.

the wife, by the Fifth, Sixth and Eighth Circuits.

In United States v. Alloway, *supra,* noting (at 111–112 of 397 F.2d) that the "mere evidence" rule was put to bed by the Supreme Court in Warden v. Hayden, 387 U.S. 294, 87 S.Ct. 1642, 18 L. Ed.2d 782 (1967), the Sixth Circuit sustained a seizure, consented to by defendant's wife, of clothing belonging to defendant. In Roberts v. United States, *supra,* the Eighth Circuit sustained the seizure, with the consent of defendant's wife, of a bullet extracted from a ceiling of premises jointly occupied by defendant and his wife, noting, however, (at 897 of 332 F.2d) "[that] the search did not extend to the personal effects of the appellant." In this case, both personal and non-personal effects were seized. This Court, following United States v. Thompson, *supra,* in which (at 375 of 421 F.2d) the Fifth Circuit noted that money and "two pieces of cut women's stocking (which the robbers had worn over their faces)" were seized; Maxwell v. Stephens, 348 F.2d 325, 337–338 (8th Cir. 1965) (Blackmun, J.), in which the personal effects contention was specifically noted and rejected; and United States v. Alloway, *supra,* in which there were seized "two dark suits of clothes identified by Mrs. Alloway as belonging to her husband" (at 108 of 397 F.2d), and in which the Court held that personal effects as well as non-personal effects of a defendant may be seized from the joint household premises of a defendant and his spouse with the latter's permission. *Cf.* United States v. Retolaza, *supra,* at 242 of 398 F.2d.

■ The shotgun, the shotgun shells, the shirt, and the handkerchief seized in this case were each found in places where they were in the plain view of the officers. There is no evidence in the record that the police officers entered and searched any area which was assigned to Chandler's exclusive use. *See* Shorey v. Warden, 401 F.2d 474, 478

(4th Cir.), cert. denied, 393 U.S. 915, 89 S.Ct. 241, 21 L.Ed.2d 201 (1968); Reeves v. Warden, 346 F.2d 915, 924–926 (4th Cir. 1965).

■ Chandler argues in the memorandum accompanying his present petition that his wife's consent to the police officers' entry into and search of their home was given only because she was afraid and because she did not know that the police were required to have a search warrant. Nothing in Mrs. Chandler's testimony at the trial suggests that she did not freely and voluntarily consent to the officers' entry into the home and to the subsequent search. Furthermore, Chandler did not raise the issue of the voluntariness of his wife's consent at his trial, on direct appeal, or at his post-conviction hearing. In sum, Chandler's contentions as to illegal search and seizure currently entitle him to no relief in this proceeding.

*Inadequate Representation by Trial Counsel*

Chandler supports his general claim of inadequate representation by alleging that his defense counsel (1) failed to prepare for trial because he neither discussed the case with his client nor attempted to discover the State's evidence prior to trial; (2) failed fully to cross-examine the State's witnesses at trial; (3) and failed to advise Chandler of his right to a review of his life sentence.

■ The transcript of Chandler's trial discloses nothing that even remotely suggests inadequate preparation by trial counsel. Chandler has not made any specific allegation—or even given a hint—of what evidence there was in the State's possession that trial counsel failed to discover[5] or what witnesses, if any, he failed to interview. Furthermore, Chandler made no allegations of inadequate preparation of trial counsel during his post-conviction hearing before Chief Judge Foster. Chandler's counsel at the post-conviction hearing called

---

5. The Criminal Court of Baltimore docket sheet for Chandler's case shows that on February 9, 1968 defense counsel did in fact file a demand for discovery.

trial counsel as a witness but asked him no questions concerning pre-trial preparation.[6] Chandler cannot make a general claim of incompetency of counsel in a state post-conviction proceeding, therein withhold or fail to introduce the evidence in support of that claim, and subsequently present to this Court in a federal habeas corpus proceeding evidence he failed to offer in the state court. *See* Cowans v. Warden, 276 F. Supp. 696, 702 (D.Md.1967), aff'd, No. 11,962 (4th Cir. Dec. 11, 1967).

Chandler's complaint that his defense counsel failed fully to cross-examine the State's witnesses is not borne out by the trial record. Each of those witnesses was in fact cross-examined. Chandler has never specifically indicated, either at his post-conviction hearing or in his present habeas corpus petition and accompanying memorandum in what respect defense counsel failed fully to probe into those witnesses' testimony. Nor has this Court been able to discern any deficiencies that even approach the level of a constitutional denial of effective assistance of counsel. *See* Audett v. United States, 265 F.2d 837, 844 (9th Cir. 1959); Walden v. Neil, 318 F.Supp. 968, 975–976 (E.D.Tenn.1970).

Equally without merit is Chandler's allegation that his defense counsel was incompetent because he failed to seek a review of the sentence of life imprisonment. The jury returned a verdict of first degree murder without capital punishment. Under Maryland law, such a verdict carries a mandatory sentence of life imprisonment,[7] and the Maryland statute providing for review of sentences creates no right to a review of a mandatory sentence.[8] Imposition of a mandatory life sentence and denial of review thereof presents no federal constitutional or indeed any other meritorious issue.

*Other Claims*

Chandler's remaining claims do not require extensive discussion. The admission of Graves' dying declaration that it was Chandler who shot him does not raise a Sixth Amendment right of confrontation issue. Pointer v. Texas, 380 U.S. 400, 407, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965). *Cf.* Dutton v. Evans, 400 U.S. 74, 80, 91 S.Ct. 210, 27 L.Ed.2d 213 (1970). Absent constitutional issues, the admissibility of evidence is a matter of state law and is not reviewable by a federal court in a habeas corpus

---

6. Trial counsel did testify at the post-conviction hearing that he recalled discussing with Chandler the question of whether to request a jury trial (P.C.Tr. at 21).

7. Md.Ann.Code art. 27, § 413 (Vol. 3, 1957):
   *Penalty for first degree murder; verdict adding "without capital punishment."*
   Every person convicted of murder in the first degree, his or her aiders, abettors and counsellors, shall suffer death, or undergo a confinement in the penitentiary of the State for the period of their natural life, in the discretion of the court before whom such person may be tried; provided, however, that the jury in a murder case who render a verdict of murder in the first degree, may add thereto the words "without capital punishment," in which case the sentence of the court shall be imprisonment for life, and in no case where a jury shall have rendered a verdict in

manner and form as hereinbefore prescribed, "without capital punishment," shall the court in imposing the sentence, sentence the convicted party to pay the death penalty.

8. Md.Ann.Code art. 26, § 132 (Vol. 2, 1957, Supp.1971):
   *Right to review of sentence.*
   Unless no different sentence could have been imposed or unless the sentence was imposed by more than one trial judge, every person convicted of a crime after July 1, 1966, by any trial court of this State and sentenced to serve, with or without suspension, a total of more than two (2) years imprisonment in any penal or correctional institution in this State, or sentenced to death, shall be entitled to have the sentence reviewed by a panel of three (3) or more trial judges of the judicial circuit in which the sentencing court is located . . . .

proceeding. *Grundler v. North Carolina,* 283 F.2d 798, 802 (4th Cir. 1960).

Chandler presented no evidence at his post-conviction hearing to show that the in-court identification which took place at his trial was suggestive or otherwise prejudicial. And this Court agrees fully with the conclusion in Chief Judge Foster's order denying post-conviction relief that there is no merit to that claim in view of the fact that the identity of the person who shot Graves was not an issue in the case.

For the reasons set forth herein, Chandler's application for a writ of habeas corpus is hereby denied. It is so ordered, this 25th day of September, 1972.*

Smith, Cohen, Ringel, Kohler, Martin & Lowe, Atlanta, Ga., for plaintiffs.

Jones & Thomas, Atlanta, Ga., for defendants.

### ORDER

ALBERT J. HENDERSON, Jr., District Judge.

* Affirmed, Mem.Dec.No.72–2336 (4th Cir. May 10, 1973).