**UNITED STATES**

v.

**Lawrence Edward BERRYMAN.**

**Crim. No. 78–00052–02–R.**

United States District Court,
E.D. Virginia,
Richmond Division.

March 9, 1983.

N. George Metcalf, G. Wingate Grant, II, Asst. U.S. Attys., Richmond, Va., for plaintiff.

Cary B. Bowen, Richmond, Va., for defendant.

OPINION

WARRINER, District Judge.

The Court has before it plaintiff's motion under 28 U.S.C. § 2255 and application to proceed *in forma pauperis.* Since this is plaintiff's second petition, with new grounds for relief alleged, the Court has discretion to dismiss the petition as an abuse of the writ procedure if it be successive. However, on 8 December 1982 the Court, in compliance with the intent of Rule 9(b) of 28 U.S.C. following § 2255, reserved its ruling on the government's motion to that end in order to give the plaintiff the opportunity to explain why his failure to

---

raise these claims in his earlier petition is excusable and that his failure does not amount to an abuse of the writ.

Plaintiff responded to the Court's order on 26 January 1983, advising the Court that the issues presently before the Court were not known to him at the time of his first § 2255 writ of habeas corpus. Plaintiff states that these new grounds being asserted have become known to him only through his fortuitous meeting with a fellow inmate who the plaintiff describes as a "lawyer."

While not entirely satisfied with the plaintiff's explanation, the Court finds that the lack of precedential standards applying Rule 9(b) makes disposition of this matter difficult. Thus, a study of the limited case law is necessary.

Rule 9(b) provides that:

A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

The Supreme Court in *Sanders v. United States,* 373 U.S. 1, 17, 83 S.Ct. 1068, 1078, 10 L.Ed.2d 148 (1963) found that when dealing with successive applications, a petitioner must assert a new ground or assert one not previously decided on the merits and, "[i]n either case, full consideration of the merits of the new application can be avoided only if there has been an abuse of the writ . . . ." The *Sanders* court identified what it considered to be an abuse of the writ. "[I]f a prisoner deliberately withholds one of two grounds for federal collateral relief at the time of filing his first application, . . . he may be deemed to have waived his right to a hearing on the second application which contains the previously withheld grounds." 373 U.S. at 18, 83 S.Ct. at 1078. It is not clear that this is the only ground for a finding of abuse.

As the Supreme Court points out, "nothing in the traditions of habeas corpus requires federal courts to tolerate needless piecemeal litigation, or entertain collateral proceedings whose only purpose is to vex, harass, or delay." 373 U.S. at 18, 83 S.Ct. at 1078.

*Sanders'* incorporated the "inexcusable neglect" standards set forth in *Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963) and *Townsend v. Sain,* 83 S.Ct. 745, 9 L.Ed.2d 770, 372 U.S. 293 (1963). Under this rubric the failure to claim a ground in the initial petition is a bar to a later petition asserting the claim, if the initial omission could be characterized as inexcusable neglect. Characterizing conduct as inexcusable is difficult at best. Certainly instances exist where a petitioner's failure to assert a ground in a previous petition is readily seen to be excusable. These instances may arise with a retroactive change in the law or with a petitioner receiving newly discovered evidence. The Supreme Court's example in *Sanders,* deliberate withholding, is readily seen as inexcusable. Most cases lie in between.

Sometime after *Sanders,* the Fourth Circuit decided *Johnson v. Copinger,* 420 F.2d 395 (1969). That decision indicates the district court should afford petitioner the opportunity to show in writing why petitioner failed to allege the new claims in the initial writ. Once the district court affords the petitioner this opportunity the *Johnson* court said, "[i]f the petitioner then offers no such explanation, or if his explanation is not such as would excuse his prior failure to present his claims, the district court may then summarily dismiss." 420 F.2d at 399–400. It must be assumed that the "excuse" mentioned by the Fourth Circuit is the same "inexcusable neglect" derived through *Sanders.*

With this hazy, and essentially subjective guideline, the Court will consider the instant case.

Plaintiff has followed the well-worn path of perpetual appeals which is endemic to our system. He has been up and down the appeals ladder twice before—first by pursuing his direct appeal from the trial court to the Fourth Circuit and thence to the Su-

preme Court. He then filed his initial habeas corpus petition in this Court, appealed to the Fourth Circuit, and then to the Supreme Court. In making his initial § 2255 complaint, plaintiff used the Model Form found in 28 U.S.C. § 2255 App. of Forms. This model form contains, along with instructions and several caveats, a list, lettered (a) through (j), of ten possible grounds for relief. In reviewing his initial petition, the Court concludes that the grounds for relief alleged by plaintiff came from those listed on the model form. He was then unassisted by counsel.

■ The claims for relief alleged in plaintiff's present petition cannot as easily be characterized as falling within the ten listed on the § 2255 model form though arguments could be made that they do. Since the Court cannot readily classify the plaintiff's claims as falling within those listed on the model form, the Court would be imposing an unfair burden by requiring a higher level of competency in classifying claims from the plaintiff—a layman. The Court believes that a petitioner who has his specific attention called to grounds for relief in the (a) through (j) list and omits a claim clearly falling within that list may properly be found guilty of inexcusable neglect. Conversely, absent other bases, a failure to include claims not on that list would generally obviate inexcusable neglect.

■ The Court has no evidence before it showing that plaintiff deliberately withheld these subsequent claims from his initial § 2255 writ. The present claims are not readily related to the form list. The Court cannot term the plaintiff's failure to previously allege these new grounds as "inexcusable neglect."

Therefore, the plaintiff's response to the Court's order is accepted and the plaintiff will be granted leave to proceed *in forma pauperis* in accordance with the accompanying order.