**Alfred Lee JORDAN**

v.

**Raymond K. PROCUNIER.**

Civ. A. No. 83–0237–R.

United States District Court,
E.D. Virginia,
Richmond Division.

Sept. 13, 1983.

Robert P. Geary, Richmond, Va., for petitioner.

Thomas D. Bagwell, Asst. Atty. Gen., Richmond, Va., for respondent.

### OPINION

WARRINER, District Judge.

Petitioner, proceeding *pro se* and *in forma pauperis* under 28 U.S.C. § 2254, filed this action on 20 April 1983. Respondent filed a motion to dismiss on 10 May. On 16 May, the Court advised petitioner of an opportunity to respond to the motion to dismiss and petitioner did so on 20 May.

On 2 August, the Court advised petitioner of an opportunity to respond in detail as to why his petition should not be barred under Rule 9, which petitioner did on 15 August. This matter is now ripe for consideration. The Court has jurisdiction under 28 U.S.C. § 2241.

Respondent contends that the petition is successive and under Rule 9(b) of the Rules of Procedure following 28 U.S.C. § 2254 should be dismissed as an abuse of the writ. Respondent urges that the petition is repetitive of actions previously filed in this Court, namely, CA No. 81–0439–R and CA No. 80–0556–R. Respondent argues further that although petitioner knew of certain claims at the time of his prior filings, he deliberately waited to bring these allegations at a later date. Petitioner's explanation as to why the allegations were not brought in the prior petitions is that his counsel for the first two petitions refused to pursue the matters. Petitioner states that the attorney was aware of the claims but refused to bring them to the attention of the Court. Petitioner further states that because of his own minimal education, it was impossible for him to litigate the claims himself in the prior petition.

The record indicates that in his initial petition, petitioner presented three (3) claims to this Court. Those claims are that petitioner was denied his right to confrontation of witnesses by the trial court's admitting testimony of a police officer who said that by electronic means he overheard a conversation between petitioner and a paid police agent; that petitioner was denied effective assistance of counsel because counsel failed to object to the police officer's so testifying; and that petitioner was denied effective assistance in that after the trial court, *sua sponte,* ordered the Commonwealth to find the tape, counsel objected to the admissibility of the tape recording. On 19 September 1980, the Court entered judgment denying the petition.

On 1 April 1981, petitioner sought leave to file a delayed appeal. By order entered 21 April, the Court directed petitioner's counsel to address issues related to the delayed appeal. On 6 May, the Court entered an order noting from petitioner's affidavit that although he depended on counsel to protect his interests, in fact, he did not have the benefit of counsel in the interim between denial of his petition and appeal. While the Court found that it did not have authority to extend the time period for noting an appeal, it decided to exercise its discretion to consider a successive petition for a writ of habeas corpus in order that petitioner might seek a review of his claims at all levels of the federal courts if he so desired. The Court exercised its discretion to entertain successive petitions on the basis of 28 U.S.C. § 2254(b), Rule 9(b) of the rules governing § 2254 cases, and *Sanders v. United States,* 373 U.S. 1, 15, 83 S.Ct. 1068, 1077, 10 L.Ed.2d 148 (1963).

Availing himself of the Court's leave to submit a successive petition, petitioner, by counsel, filed a new petition for a writ of habeas corpus, *Jordan v. Mitchell,* CA No. 81–0439–R, on 8 May 1981. This petition presented the same three allegations as the earlier petition. On 25 August, the Court denied the petition and petitioner appealed. The appeal was dismissed on 28 December 1981.

In the instant petition, petitioner raises fourteen (14) new allegations. Thirteen (13) of the allegations describe various ways in which counsel was ineffective. The other allegation is that the Commonwealth failed to appraise the jury of a fact which was favorable to the petitioner at trial.

■ The issue presented by the motion to dismiss is whether petitioner has "abused the writ" in filing successive petitions. Although a petitioner proceeding *pro se* will not be held to the same standard as would be an attorney, *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), once the government pleads Rule 9 as an affirmative defense, the burden shifts to the petitioner to explain and to prove that there was no abuse of the writ. *Mays v. Balkcom,* 631 F.2d 48, 51 (5th Cir.1980); *Price v. Johnston,* 334 U.S. 266, 292, 68 S.Ct. 1049, 1063, 92 L.Ed. 1356 (1947).

In *Sanders v. United States,* 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963), the Supreme Court identified as an abuse of the writ a prisoner's deliberately withholding a ground for federal collateral relief at the time of filing his first application. *Id.* at 17, 83 S.Ct. at 1078. The definition of "deliberate withholding" has been the source of much debate. In *Rose v. Lundy,* 455 U.S. 509, 510, 102 S.Ct. 1198, 1199, 71 L.Ed.2d 379 (1982), the Supreme Court addressed the issue of how to process State prisoner petitions which present both exhausted and unexhausted claims. In those situations, the Court held that the federal court should dismiss the petition leaving petitioner the choice of returning to State court to exhaust the unexhausted claims before returning to federal court or simply drop his unexhausted claims and proceed in federal court only on the exhausted claims. In discussing the situation in which a petitioner decided to proceed with his exhausted claims while he exhausted those claims which had not yet been exhausted, Justice O'Connor, for a plurality warned that "by invoking this procedure, however, the prisoner would risk forfeiting consideration of his unexhausted claims in federal court." *Id.* at 520, 102 S.Ct. at 1204.

Justice O'Connor discussed *Sanders v. United States* and the Advisory Committee comments on Rule 9(b) and concluded that a prisoner who had decided to proceed only with his exhausted claims while deliberately setting aside his unexhausted claims met the *Sanders* standard of "deliberate withholding" and hence ran the risk of dismissal of any subsequent federal petitions.

The entire Court did not share Justice O'Connor's interpretation of *Sanders* and of what the appropriate standard for an abuse of the writ under Rule 9(b) should be. Justices Brennan and Marshall in dissent argued that "Rule 9(b) cannot be read to permit dismissal of a subsequent petition under the circumstances described in the plurality's opinion." *Id.* at 533, 102 S.Ct. at

1211. Justice Brennan argued that the plurality misread *Sanders* and that the issue raised by the *Sanders* standard was not whether, by an objective measure, the petitioner knew or should have known of the allegations at the time of filing the first petition, but whether, given that he knew of the allegations, his subjective intent at the time was to deliberately bypass raising those allegations in the first petition so that he might get "more than 'one bite at the apple'." *Id.* at 536, 102 S.Ct. at 1212. While recognizing that this interpretation of *Sanders* would allow dismissal in a much narrower class of cases, Justice Brennan argued that, in fact, this had been the intent of Congress in passing Rule 9(b) and pointed to sections of the Advisory Committee's notes to support this contention.[1]

Justice O'Connor's interpretation of *Sanders* in *Rose v. Lundy* is more consistent with the interpretations that lower courts have made of *Sanders.* In *Johnson v. Copinger,* 420 F.2d 395, 399 (4th Cir.1969), the Court identified as crucial to a determination of "deliberate withholding" whether the petitioner was aware of or knew that the grounds existed and that they constituted a basis for federal habeas corpus relief. *Id* at 399. Where petitioners have presented the same grounds in prior State court proceedings, courts have said that they, *ipso facto,* knew that the grounds existed and therefore were subject to dismissal for abuse of the writ. *Frazier v. Harrison,* 537 F.Supp. 17, 19 (E.D.Tenn.1981); *Chandler v. State of Maryland,* 360 F.Supp. 305, 307 (D.Md.1972).

Technical legal knowledge has not been required. A court found there to be no abuse of the writ where petitioner failed to raise a subtle and complex legal issue on the first petition. *Bradley v. Gally,* 505 F.Supp. 172, 173 (D.Md.1981). Nor was abuse found where petitioner attempted to bring a claim on the first petition but failed because of inartful pleading. *U.S. ex rel.*

1. Justice Brennan noted that the Advisory Committee had replaced language which would have specifically set the standard as "not excusable" with "abuse of the writ" in drafting

Rule 9(b) because of a fear that the former gave the trial judge too much discretion in dismissing petitions. *Id.* 455 U.S. at 534, 102 S.Ct. at 1211.

*Mitchell v. LaVallee,* 417 F.Supp. 154, 155 (S.D.N.Y.1976).

Whether petitioner knew of the allegations at the time of filing of the first petition, or whether that knowledge might be imputed to him because he so clearly should have known of the allegations at that time is a relatively easy standard to administer. In *United States v. Berryman,* 558 F.Supp. 120, 122 (E.D.Va.1983), for example, this Court confronted the situation where a petitioner brought two petitions *pro se.* Petitioner used the standard forms provided in both instances and on the second petition raised additional grounds. Had the grounds been suggested by a list printed on the form petition, the Court opined that plaintiff would have been on notice at the time he filed the first petition. He so clearly should have known of the allegations which he later sought to present to the Court, that his not raising them on the first petition would have been an abuse of the writ. In *Berryman,* those grounds were not among those listed on the form petition, and, absent other evidence that plaintiff deliberately withheld the subsequent claims, the Court held that plaintiff did not abuse the writ.

Similarly, it is relatively simple to look at prior State appellate and collateral relief proceedings to see if petitioner raised the claims in a prior proceeding. If so, then he obviously knew that the allegations existed. From these objective facts, it easily follows that the petitioner intended deliberately to withhold the allegations at the time the first petition was filed. If, on the other hand, one is forced to look at the subjective intent of the prisoner at the time of filing the first petition, the case would be rare when the Court would have sufficient proof to find that petitioner abused the writ.

▮ In this case, the Court finds that the petitioner was aware of the fourteen (14) allegations which he now presents to the Court at the time his first petition was filed. The situation in which plaintiff found himself is strikingly similar to that in which Justice O'Connor envisioned a petitioner might find himself in *Rose v. Lundy.*

Plaintiff herein made a decision at the time to allow his attorney to only present three of the claims and to wait and bring the remaining fourteen (14) in a successive petition. Petitioner had submitted all seventeen (17) of these claims in prior State habeas corpus proceedings and therefore must have known that the claims existed. *Frazier v. Harrison,* 537 F.Supp. 17, 19 (E.D. Tenn.1981); *see also, Chandler v. State of Maryland,* 360 F.Supp. 305, 307 (D.Md.1972). This was a tactical decision on the part of petitioner. He acquiesced, for personal benefit, in the decision of his lawyer not to bring all of the allegations in the first petition. He could have asked for another lawyer at that point or he could have proceeded *pro se.* Petitioner reaped the benefit of that tactical decision through two petitions in this Court. He does not now have the right to abuse the writ with piecemeal litigation.

Petitioner has abused the writ, and the petition should therefore be DISMISSED.

An appropriate order shall issue.

Should petitioner desire to appeal, written notice of appeal must be filed with the Clerk of the Court within 30 days of the date hereof.