**Joe Louis JONES**

v.

**David A. GARRAGHTY, Warden, et al.**

**Civ. A. No. 83–396–R.**

United States District Court,
E.D. Virginia,
Richmond Division.

Jan. 24, 1984.

Joe Louis Jones, pro se.

Robert H. Anderson, III, Asst. Atty. Gen., Richmond, Va., for defendants.

OPINION

WARRINER, District Judge.

Petitioner, proceeding *pro se* and *in forma pauperis,* filed this petition for a writ of habeas corpus on 6 July 1983. Respondents filed a motion to dismiss on 27 July. Petitioner was notified of an opportunity to respond on 2 August and petitioner filed a response on 9 August. On 10 November the Court directed the Clerk to forward to petitioner the appropriate form to submit a response as to why his petition should not be barred under Rule 9(b) of the Rules Governing 28 U.S.C. § 2254. Petitioner filed the completed form on 23 November. This cause is now ripe for adjudication. The Court has jurisdiction under 28 U.S.C. § 2254.

Petitioner alleges two claims in his petition for a writ. He points first to ineffective assistance of counsel at trial and on appeal, and second, to the unconstitutional failure of the Commonwealth's Attorney to disclose to petitioner's counsel evidence which was favorable to the petitioner. In their motion to dismiss, respondents argue that the petition should be dismissed pursuant to Rule 9(b) of the Rules Governing 28 U.S.C. § 2254. Respondents argue that petitioner has "abused the writ" in that he previously filed two petitions for a writ of

habeas corpus with this Court. In *Jones v. Muncy*, CA No. 76–0399–R, this Court dismissed on the merits petitioner's claim that he should obtain a new trial based on newly discovered evidence. In *Jones v. Cox*, CA No. 78–0978–R, this Court rejected on the merits petitioner's contentions that the evidence was insufficient, that he had been denied due process in that the Commonwealth had failed to show probable cause for his arrest or subsequent indictment, and that the trial judge had made prejudicial statements. The Court also dismissed on the basis of Rule 9(b) petitioner's contention that he should receive a new trial based on newly discovered evidence. On 24 October 1979 the United States Court of Appeals for the Fourth Circuit dismissed petitioner's appeal. *Jones v. Cox*, 607 F.2d 1002, slip op. at 1 (4th Cir.1979) Petitioner denies that he has "abused the writ," and offers as an excuse his own inadvertence, inexperience and the lack of effective assistance of counsel at trial and on appeal. Rebuttal to Motion to Dismiss at 4. Petitioner's Response as to Why Petition Should Not be Barred Under Rule 9 at 4–8.

In *Sanders v. United States*, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963), the Supreme Court identified as an abuse of the writ a prisoner's deliberately withholding a ground for federal collateral relief at the time of filing his first application. *Id.* at 17, 83 S.Ct. at 1078, 10 L.Ed.2d 148. As this Court recently noted, it is not clear that deliberate withholding is the only ground upon which a finding of abuse may be made. *United States v. Berryman*, 558 F.Supp. 120, 121 (E.D.Va.1983).

> Characterizing conduct as inexcusable is difficult at best, certainly instances exist where a petitioner's failure to assert a ground in a previous petition is readily seen to be excusable. These instances may arise with a retroactive change in the law or with a petitioner receiving newly discovered evidence. The Supreme Court's example in *Sanders*, deliberate withholding, is readily seen as inexcusable. Most cases lie in between. *Id.*

In *Berryman*, petitioner used a model form in presenting his initial petition to the Court. *See* 28 U.S.C. § 2254, App. of Forms. This model form contains, along with instructions, a list lettered "a" through "j" of ten possible grounds for relief. In *Berryman*, the Court found no abuse of the writ because the petitioner's subsequent claims for relief were not on the statutory list and there was no evidence showing that petitioner deliberately withheld the subsequent claims from his initial writ. *Id.* at 122. The Court opined, however, that a "petitioner who has his specific attention called to grounds for relief in the 'a' through 'j' list, and omits a claim clearly falling within that list, may properly be found guilty of inexcusable neglect." *Id.*

In this case, petitioner's claims fall within the statutory list which was printed on the form petitioner used in presenting his second petition for a writ of habeas corpus to this Court. Denial of effective assistance of counsel appears on the list at "i" and failure of the prosecution to disclose "to the defendant evidence favorable to the defendant" appears at "f". 28 U.S.C. § 2254, App. of Forms. The Court finds insufficient petitioner's excuse that because of his inexperience and lack of effective assistance of counsel, he was unable to bring these claims in his prior petitions. Petitioner was fully capable of raising several claims in his prior petition. Petitioner could have easily alleged that the assistance of his counsel at trial and on appeal was ineffective and that the prosecution failed to make full disclosure at the same time. As petitioner was alerted to the possibility of raising these grounds on his prior form petition, the Court now finds that his failure to do so constitutes inexcusable neglect and an abuse of the writ. Therefore, the petition shall be DISMISSED pursuant to Rule 9(b) of the Rules Governing 28 U.S.C. § 2254.

An appropriate order shall issue.

Should petitioner desire to appeal, written notice of appeal must be filed with the Clerk of the Court within 30 days of the date hereof.