Linwood E. BRILEY, Appellant,

v.

E.L. BOOKER, Warden, Appellee.

No. 84–4006.

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 9, 1984.

Decided Oct. 9, 1984.

William H. Allen, Washington, D.C. (William E. O'Brian, Jr., Timothy C. Hester, Covington & Burling, Washington, D.C., Deborah C. Wyatt, Charlottesville, Va., on brief), for appellant.

James E. Kulp, Sr. Asst. Atty. Gen., Richmond, Va., (Gerald L. Baliles, Atty. Gen., Richmond, Va., on brief), for appellee.

Before RUSSELL, WIDENER and HALL, Circuit Judges.

PER CURIAM:

On September 24, 1984, Linwood E. Briley filed his second petition for habeas corpus relief pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his 1980 capital murder conviction and resulting death sentence. After full briefing of the issues the district court granted summary judgment in favor of the respondents and dismissed the habeas corpus petition. That court granted a certificate of probable cause allowing an appeal to this court. After full consideration of the issues raised in the briefs and after oral argument, we affirm the district court's denial of habeas corpus relief.

The district court had previously rejected a petition for habeas corpus filed in May, 1983, as amended in September, 1983, by Briley. *Briley v. Bass*, 584 F.Supp. 807 (E.D.Va.1984). This court affirmed that denial in *Briley v. Bass*, 742 F.2d 155 (4th Cir.1984). The issues raised by Briley in his present petition were not raised in the prior petition. The facts leading to Briley's capital murder conviction have been adequately set out in this court's prior opinion and in the opinion of the Virginia Supreme Court following Briley's direct appeal. *Briley v. Commonwealth*, 221 Va. 532, 273 S.E.2d 48 (1980). We need not restate them here. The district court's opinion more than adequately sets out the many state and federal petitions filed by Briley.

In his present habeas corpus petition Briley challenges the constitutionality of his conviction on two grounds. First he claims that his eighth and fourteenth amendment rights were violated because veniremen unalterably opposed to the death penalty were stricken for cause from the jury. [Petition at 5] Briley finds support for this argument in a reserved question in *Witherspoon v. Illinois*, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 and esp. n. 18 (1968); the district court's opinion in *Keeten v. Garrison*, 578 F.Supp. 1164, 1165 (W.D.N.C.1984), *rev'd.*, 742 F.2d 129 (4th Cir.1984); and *Grigsby v. Mabry*, 569 F.Supp. 1273 (E.D.Ark.1983).

Second, Briley contends that the death penalty in Virginia is imposed in an arbitrary, capricious, and discriminatory manner in violation of the eighth and fourteenth amendments because a capital murder defendant is more likely to be sentenced to death for killing a white person than for killing a black person. [Petition at 7]. For this contention Briley relies on a study by Gross and Mauro made available in October, 1983, [Briley memo at 61]. This argument was likewise presented to the Fifth Circuit in *Spinkellink v. Wainwright*, 578 F.2d 582, 613 (5th Cir.1978), *cert. denied*, 440 U.S. 976, 99 S.Ct. 1548, 59 L.Ed.2d 796 (1979).

The district court rejected Briley's claims on both procedural and substantive grounds.

■ First it found an abuse of the writ under Rule 9(b) of the Rules Governing 28 U.S.C. § 2254 because both new issues raised here could have been raised in his prior proceedings. In his attack on the jury selection Briley relies on *Witherspoon*, decided over fifteen years ago. As the district court in *Grigsby* and our opinion in *Keeten* show, this issue is not a new one but one recognized by the legal profession prior to Briley's first habeas corpus

filing in 1983. Likewise the data upon which Briley relies to challenge the application of the Virginia death penalty and the argument itself were available prior to action on the first habeas corpus petition. We find no error in the district court's ruling that Briley had abused the writ by not raising these issues earlier. This conclusion of the district court conformed clearly to the Supreme Court's reasoning in *Woodard v. Hutchins,* —— U.S. ——, 104 S.Ct. 752, 78 L.Ed.2d 541 (1984). In that case—as here—the petitioner had filed a second petition for habeas relief in which for the first time he raised for the same reasons as the petitioner in this case "that the jury selection process was unconstitutional." The Court, speaking through Justice Powell, then proceeded to declare:

> "Hutchins offers no explanation for having failed to raise these claims in his first petition for habeas corpus, and I see none. Successive petitions for habeas corpus that raise claims deliberately withheld from prior petitions constitute an abuse of discretion." At ——, 104 S.Ct. at 753, 78 L.Ed.2d at 544.

In explanation of the term "deliberately withheld," Justice Powell in note 3 said:

> "There is no affirmative evidence that the claims were deliberately withheld. But Hutchins has had counsel throughout the various phases of this case, and no explanation has been made as to why they were not raised until the very eve of the execution date."

Justice Powell concluded his opinion with this significant statement:

> "A pattern seems to be developing in capital cases of multiple review in which claims that could have been presented years ago are brought forward—often in a piecemeal fashion—only after the execution date is set or becomes imminent. Federal courts should not continue to tolerate—even in capital cases—this type of abuse of the writ of habeas corpus."

Equally well known was petitioner's second substantive point. It was a matter that had often been raised in the legal and sociological journals and in dicta in various court decisions. *See Spinkellink v. Wainwright, supra,* 578 F.2d at 612–14.

*Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), also bars the raising of these issues in a federal habeas corpus petition because neither was raised at trial. We agree with the district court that *Reed v. Ross,* —— U.S. ——, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984), provides no relief from *Wainwright's* bar.

▪ We further agree with the district court's rejection of Briley's two claims on the merits. Our recent opinion in *Keeten, supra,* is dispositive in this court of the jury challenge under *Witherspoon.* Moreover, the decision by the Supreme Court in *Hutchins* is fully supportive of *Keeten.*

▪ The petitioner's second substantive claim is that the Virginia death penalty statute is unconstitutional in application because a defendant is more likely to receive the death penalty when his victim is white than when the victim is black. This theory carries with it, as the petitioner candidly conceded in oral argument, the conclusion that the imposition of the death penalty in any case would be constitutionally proscribed. His reasoning is that it is unconstitutional discrimination to make the killing of a white more likely to result in a death sentence, than the killing of a black person. Ergo, any death sentence for killing a white, whether by a white or by a black, is constitutionally invalid. But this argument would lead to denying to a state the right to impose a death sentence for killing a black, for, again, there would be discrimination. This is equivalent to an implicit invalidation *per se* of the death penalty on constitutional grounds. We are unwilling to hold on constitutional grounds that capital punishment is invalid, which is precisely what petitioner's argument requires, as petitioner's counsel, with commendable candor, concedes. Actually, this contention was carefully considered and properly disposed of by the court in *Spinkellink, supra,* 578 F.2d at 612, 613–14. In addition, as Briley notes the Virginia statistics in support of this argument presented are wholly inconclusive.

**228**

Accordingly, we affirm the judgment of the district court dismissing the petitioner's habeas corpus petition, both on the procedural and the substantive grounds stated therein, and direct the mandate issue forthwith.

Further, the motion of the petitioner for a stay of execution, filed September 27, 1984, is hereby denied.