843 F.2d 1388
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Wallace Henry RAWLS, Petitioner-Appellant,
v.
Edward W. MURRAY, Director of the Virginia Department of
Corrections, Respondent-Appellee.
 No. 86-6793.
 United States Court of Appeals, Fourth Circuit.
 Argued: Jan. 7, 1988.
Decided: April 6, 1988.
 
 Lynn Panagakos, Student Counsel (Steven H. Goldblatt, Director; Dori Bernstein; Ellen Pearlman, Supervising Attorneys; Shanlon Wu; Appellate Litigation Program, Georgetown University Law Center, on brief), for appellant.
 Robert Homer Anderson, III, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.
 Before JAMES DICKSON PHILLIPS and MURNAGHAN, Circuit Judges, and JOSEPH H. YOUNG, Senior United States District Judge for the District of Maryland, sitting by designation.
 MURNAGHAN, Circuit Judge:
 
 
 1
 Wallace Henry Rawls appeals the district court's dismissal of his petition for habeas corpus as successive and so an abuse of the writ. We reverse and remand for consideration of the merits of the petition.
 
 I.
 
 2
 Rawls was tried and convicted in a court of the Commonwealth of Virginia. Rawls' first petition for habeas corpus was federal. It claimed a Brady violation, alleging that the prosecution had failed to disclose exculpatory evidence; the petition was heard and rejected on its merits by the district court and, on appeal, by this court. Rawls v. Young, No. 79-6342 (4th Cir., Dec. 26, 1979) (unpublished).
 
 
 3
 Rawls then proceeded to file a petition for habeas corpus in the Virginia Supreme Court alleging denial of effective assistance of counsel on three grounds, including an allegation that his attorney at trial had a disqualifying conflict of interest because of employment in the prosecutor's office. The conflict of interest claim had not been raised previously in any state or federal proceeding, including Rawls' direct appeal in state court. Because of the necessity of an evidentiary hearing on such a claim, in Virginia it cannot ordinarily be brought on direct appeal. See Walker v. Mitchell, 224 Va. 568, 570-71, 299 S.E.2d 698, 699 (Va.1983). Apparently because Rawls had previously filed a federal petition, the Virginia Supreme Court dismissed the state habeas corpus petition pursuant to a Virginia statute that bars writs based on "any allegation the facts of which petitioner had knowledge at the time of filing any previous petition." See Va.Code Ann. Sec. 8.01-654(B)(2) (1984).
 
 
 4
 Dismissal of the state petition by the Virginia Supreme Court exhausted Rawls' available remedies at the state level. Rawls then filed the present federal petition for habeas corpus, raising the same ineffective assistance of counsel claims that he had raised in his state petition. The district judge accepted the magistrate's recommendation that the second petition be dismissed for abuse of the writ under Rule 9(b) of the Rules Governing 28 U.S.C. Sec. 2254 as a successive petition. Rawls appeals only the dismissal of the conflict of interest claim.
 
 II.
 
 5
 Wallace Henry Rawls was arrested August 19, 1974 for allegedly raping a woman the day before. In a pretrial proceeding, Rawls was represented by Donald Wise. On November 22, 1974, after Wise informed the court that he no longer represented Rawls, the court appointed John Brown as Rawls' attorney. Brown represented Rawls at trial and at a hearing before the trial court on a post-trial motion. Rawls was convicted of rape in March, 1975, and sentenced to life imprisonment.
 
 
 6
 In the post-trial hearing on June 30, 1975 on a defense motion to set aside the verdict and grant a new trial because of an alleged Brady violation and inconsistent testimony, the prosecutor stated that Brown had notice of certain facts because Brown had been present at Rawls' pretrial proceeding, on behalf of the Commonwealth's Attorney in his capacity as an intern in the prosecutor's office, when the victim testified. Brown told the trial judge that he was present at the pretrial proceeding but that he had not been involved in the Rawls case while working in the prosecutor's office. Apparently based on an ex parte and off-the-record factual inquiry, the trial judge ruled that he was satisfied that Brown's services with the prosecutor's office had ended at the time of his pretrial hearing. Rawls was present at the post-trial hearing when that information came to light.
 
 
 7
 The record is uncertain as to when Brown left the Commonwealth's Attorney's office, but it appears clear that he had left by the time of Rawls' trial. In the order denying Rawls' post-trial motions, the trial judge appointed new counsel for Rawls, noting that Brown was leaving private practice. As of July 31, 1979, Brown again was a prosecution employee, this time as a Deputy Commonwealth's Attorney; the record does not indicate Brown's employment from 1975 to 1979. The petitioner raises contentions of conflict of interest on the part of his counsel at his trial both because of Brown's earlier employment as an intern and also because of his then desire to be later hired as a prosecutor, as subsequently occurred.
 
 III.
 
 8
 A federal court may not entertain a petition for habeas corpus until the petitioner has exhausted all available state remedies on the claim raised in the petition. 28 U.S.C. Sec. 2254(b). In 1982, the Supreme Court held that a "mixed" petition, one containing both exhausted and unexhausted claims, must be dismissed. Rose v. Lundy, 455 U.S. 509 (1982). Rose v. Lundy is relevant to Rawls because this Court has held that it applies retroactively. See Harding v. North Carolina, 683 F.2d 850, 851-52 (4th Cir.1982). At the time Rawls filed his first federal petition for habeas corpus, however, the rule in this Circuit was that a district court could proceed to entertain the exhausted claims in a "mixed" petition. See Hewett v. North Carolina, 415 F.2d 1316, 1320 (4th Cir.1969). Unexhausted claims were in such a case dismissed without prejudice. See Houston v. Peyton, 297 F.Supp. 717 (D.C.Va.1969). While we are mindful of the retroactive effect of Rose v. Lundy, we cannot completely ignore the fact that Rawls cannot properly be charged with anticipating the Supreme Court's ruling, particularly when this Court did not do so and when the ruling significantly changed prior practice.
 
 
 9
 Therefore, consideration in the Rule 9(b) inquiry of Rawls' lack of notice is warranted. Cases like the present one will not hereafter be frequent, for after Rose v. Lundy petitioners will be on notice to plead all grounds they think they may have in one petition, after exhausting all claims at the state level.
 
 
 10
 In Rose v. Lundy, Justice O'Connor and three other Justices stated in dictum that a petitioner may elect to proceed only with his exhausted claims but in doing so takes the risk that future petitions attempting to raise claims exhausted later may be dismissed under Rule 9(b) for abuse of the writ. Id. at 520-21. Justice Brennan took issue with this statement, pointing out that Rule 9(b) dismissal is not automatic and is not to be lightly granted. Id. at 532-38 (Brennan, J., with Marshall, J., concurring in part and dissenting in part). Justice White also disagreed with Justice O'Connor's statement. Id. at 538 (White, J., concurring in part and dissenting in part). Justice Brennan pointed out that the Supreme Court had ruled in Sanders v. United States, 373 U.S. 1 (1963), that a petition could be dismissed only if the petitioner's actions constituted an "abuse" of the writ, such as deliberately withholding one of his two grounds for relief in the hope of being granted two hearings instead of one. 455 U.S. at 535. Justice Brennan further pointed out that in adopting Rule 9(b), Congress adopted the Sanders standard and then went further, adopting an "abuse of the writ" standard instead of permitting dismissal of a petition when the failure to raise a claim in a previous petition was merely "inexcusable." The stricter "abuse" standard was adopted by Congress because
 
 
 11
 "the 'not excusable' language [of the proposed Rule] created a new and undefined standard that gave a judge too broad a discretion to dismiss a second or successive petition." H.R.Rep. No. 94-1471, supra, at 5 (emphasis added).
 
 
 12
 455 U.S. at 534.
 
 
 13
 This is not to say, however, that the district courts are to avoid, entirely or even routinely, the application of Rule 9(b) to successive petitions. We have repeatedly upheld the dismissal of successive petitions where the petitioner could have raised his new claims in his earlier petition and the extant law did not excuse his or her failure to do so. See, e.g., Miller v. Bordenkircher, 764 F.2d 245, 248-49 (4th Cir.1985) (petitioner's ignorance of legal implications not excused under Rule 9(b) where he had knowledge of relevant facts at time first petition filed); Briley v. Booker, 746 F.2d 225, 226-27 (4th Cir.1984) (Rule 9(b) dismissal appropriate where petitioner did not justify failure to raise claims in first petition). In Bordenkircher, we noted that "[t]he bar established by Rule 9(b) encourages petitioners to present their claims simultaneously for resolution, rather than fragmenting grounds for collateral relief or advancing endless permutations of the same themes." 764 F.2d at 248. In Sanders, the Supreme Court recognized that "[n]othing in the traditions of habeas corpus requires the federal courts to tolerate needless piecemeal litigation, or to entertain collateral proceedings whose only purpose is to vex, harass, or delay." 373 U.S. at 18. At the same time, we note that successive petitions are not barred outright by 28 U.S.C. Sec. 2254 or its governing rules, and a successive petition may be barred under Rule 9(b) only if it constitutes abuse of the writ. "Abuse of the writ under Rule 9(b) may occur where a new and different ground has been withheld from prior petitions due to deliberateness or inexcusable neglect." Bordenkircher, 764 F.2d at 250 (citations omitted) (citing Sanders, 373 U.S. at 18, and Townsend v. Sain, 372 U.S. 293, 317 (1963)). Here, even giving due deference to the district court, we do not believe abuse of the writ has occurred.
 
 
 14
 Rawls has raised a serious allegation: there is a strong possibility, according to the scant record, that his trial attorney had a serious and disqualifying conflict of interest. Rawls learned about part of the possible conflict at his post-trial motions hearing, but he was represented at that hearing by the attorney in question. The only consideration of this claim on the merits took place at that post-trial hearing, in which the trial judge based his decision on an ex parte, off the record factual inquiry. Indeed, the conclusion reached by the trial judge, at least as the record now appears, seems to contradict the evidence on the record. The record indicates that Brown was at Rawls' pre-trial proceeding in his capacity as an intern in the prosecutor's office, but the trial judge stated in his ruling that Brown had left the prosecutor's office at the time of the pre-trial proceeding.
 
 
 15
 Additional facts possibly relevant to the claim have come to light since that time. Brown withdrew as Rawls' counsel immediately after the post-trial proceeding, and the trial judge noted in his order that Brown was leaving private practice. The record does not indicate Brown's employment between 1975 and 1979, but Brown was a Deputy Commonwealth's Attorney as of July 31, 1979. It is possible, as Rawls has alleged, that Brown was already seeking employment with the prosecutor's office or, indeed, committed to working in the prosecutor's office at the time of Rawls' trial or post-trial hearing. The record does not provide any enlightenment, because Rawls' claim has never been heard on its merits in state or federal court.
 
 
 16
 In Johnson v. Copinger, 420 F.2d 395 (4th Cir.1969), we ruled that the "deliberately withheld" standard "implies more than simply a failure to present a ground existing at the time of the previous petition." Id. at 399. At the same time, after Rose v. Lundy, Rawls has a significant burden to bear in arguing against the application of Rule 9(b) to dismiss his second petition. We are satisfied that Rawls has met that burden here, in the unusual and relatively rare circumstances of his case. In those unusual circumstances, where the initial federal petition was filed before Rose v. Lundy; the claim was heard on its merits only at a hearing where Rawls was represented by the challenged attorney; the claim was resolved following an ex parte, off the record inquiry by the trial judge; and additional facts bolstering the allegation of a conflict (Brown's subsequent employment in the prosecutor's office) became known to Rawls only long after the first petition was filed, we reluctantly find that the district court abused its discretion in granting dismissal under Rule 9(b). We therefore reverse and remand for a hearing on the merits of Rawls' petition.
 
 
 17
 REVERSED AND REMANDED.