843 F.2d 1388
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Keith A. CAMPBELL, Defendant-Appellant.
 No. 88-7018.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Feb. 24, 1988.
Decided: April 7, 1988.
 
 Keith A. Campbell, appellant pro se.
 John C. Belcher, Office of the United States Attorney, for appellee.
 Before K.K. HALL, SPOUSE and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Keith Anthony Campbell, a federal inmate, appeals from the district court's dismissal of his 28 U.S.C. Sec. 2255 motion in which he challenged the five-year sentence imposed upon his conviction of mail fraud. Campbell claimed in his motion that the district court erred in failing to consider, as intended by the Senate for the period prior to enactment of the federal sentencing guidelines, the effect on prison overcrowding of imposing a maximum term for a nonviolent offense. The district court, citing Miller v. Bordenkircher, 764 F.2d 245 (4th Cir.1985), dismissed the claim pursuant to Rule 9(b), Rules Governing Section 2255 Proceedings, on the grounds that Campbell had failed to establish adequate excuse for failing to present the claim in his prior Sec. 2255 motion.
 
 
 2
 On appeal, Campbell argues that Miller is distinguishable because the petitioner in Miller had counsel in his prior habeas action whereas Campbell did not. He asserts that his lack of knowledge of his present claim at the time of filing his prior Sec. 2255 motion excuses his earlier failure to bring the claim under the standard set forth in Johnson v. Copinger, 420 F.2d 395 (4th Cir.1969).
 
 
 3
 We need not resolve these contentions, however, because we find that Campbell's present challenge to his sentence fails to state a basis for relief under Sec. 2255. To obtain collateral relief on a claim of nonconstitutional error a movant must establish a " 'fundamental defect which inherently results in a complete miscarriage of justice.' " United States v. Addonizio, 442 U.S. 178, 185 (1979) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)). The five-year sentence imposed on Campbell was within statutory limits and we find no fundamental error or illegality presented by the allegation that the court failed to state that it had considered the issue of prison overcrowding.
 
 
 4
 We accordingly affirm the district court's dismissal of Campbell's Sec. 2255 motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 AFFIRMED.