948 F.2d 1281
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Willie James LADSON, Petitioner-Appellant,
v.
S.R. WITKOWSKI, Warden; State of South Carolina; Attorney
General of South Carolina, Respondents-Appellees.
 No. 91-7185.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 9, 1991.
Decided Nov. 27, 1991.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. Matthew J. Perry, Jr., District Judge. (CA-90-2650-3)
 Willie James Ladson, appellant pro se.
 Donald John Zelenka, Chief Deputy Attorney General, Columbia, S.C., for appellees.
 D.S.C.
 DISMISSED.
 Before PHILLIPS and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Willie James Ladson appeals from the district court's order refusing habeas corpus relief pursuant to 28 U.S.C. § 2254 (1988). Our review of the record and the district court's opinion accepting the recommendation of the magistrate judge discloses that this appeal is without merit. Accordingly, we deny a certificate of probable cause to appeal and dismiss on the reasoning of the district court; this petition constituted an abuse of the writ pursuant to Rule 9(b) of the Rules Governing § 2254 Proceedings and McClesky v. Zant, 59 U.S.L.W. 4288 (U.S.1991).* Ladson v. Witkowski, No. CA-90-2650 (D.S.C. July 24, 1991). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 2
 DISMISSED.
 
 
 
 *
 Ladson contends that the district court erred in not giving him notice that the court was contemplating dismissing the petition as an abuse of the writ or affording him an opportunity to offer an explanation to justify his failure to include the new claims in his first federal petition. See Johnson v Copinger, 420 F.2d 395, 399 (4th Cir.1969). Although we agree that the court erred in not complying with the requirements of Copinger, we conclude that, under the facts of this case, the error was harmless. Ladson was put on notice by the State's Motion for Summary Judgment and the magistrate judge's recommendation that his petition was subject to dismissal as an abuse of the writ. He was afforded the opportunity to respond and acknowledged the potential abuse of the writ dismissal in his objections to the magistrate judge's recommendation