Collin L. JOHNSON, Appellant,

v.

Roger B. COPINGER, Warden, Maryland Penitentiary, Appellee.

No. 12519.

United States Court of Appeals
Fourth Circuit.

Dec. 18, 1969.

---

Collin L. Johnson, pro se.

Francis B. Burch, Atty. Gen. of Maryland, Baltimore, Md., for appellee.

Before HAYNSWORTH, Chief Judge, and SOBELOFF and BOREMAN, Circuit Judges.

## PER CURIAM:

Collin Johnson, a Maryland state prisoner, seeks a certificate of probable cause to appeal from an order of the district court dismissing his petition for habeas corpus on the ground that in a previous petition Johnson had deliberately withheld grounds for relief then known to him.

In 1964 Johnson filed a petition in the district court, in which he sought to allege various deprivations of his constitutional rights in the course of the proceedings leading to his 1963 convictions for armed robbery. The petition was dismissed for failure to exhaust state remedies. Two subsequent letters to the district court, in which Johnson restated and elaborated on his claims, were treated as petitions for habeas corpus and were also denied for non-exhaustion. Subsequently Johnson's convictions were affirmed by the Maryland Court of Appeals. Johnson v. State, 237 Md. 283, 206 A.2d 138 (1965). A petition filed under the Maryland Post-Conviction Procedure Act was likewise denied; Johnson's application for leave to appeal to the Maryland Court of Appeals was denied. Johnson v. Warden, 244 Md. 695, 223 A.2d 798 (1966).

After exhausting his state remedies Johnson filed another petition for habeas corpus in the district court, in which he raised three grounds for relief—illegal arrest and search of his person, insufficient evidence to identify him as the perpetrator of the crime, and the use of perjured testimony at his trial. The district court denied relief on the merits in an order filed on May 18, 1967. On July 31, 1967 Johnson filed another petition in the district court in which he repeated his contention that he was illegally arrested, and in which he also raised three new grounds for relief not raised in the previous petition. The grounds newly raised were that he was denied the right to summon witnesses in his favor by the refusal of the trial judge to grant a continuance when he sought a delay for the purpose of obtaining two witnesses who were then on vacation, that he was denied the effective assistance of counsel in that his attorney had not had sufficient opportunity to prepare a defense and was deprived of such an opportunity by the refusal to grant the requested continuance, and the line-up procedure by which he was identified was unfair because of material discrepancies between his appearance and that of other persons in the line-up, thus effectively singling him (and his two co-defendants) out for identification.

The district court did not reach the merits of the present petition, ruling that Johnson was not entitled to a decision on the merits. The claim of illegal arrest was dismissed as successive; the additional claims were dismissed on the ground that Johnson, by his failure to present them in his earlier petition, had abused the writ of habeas corpus and thereby debarred himself from the right to be heard again in a federal court.

The district court's dismissal was based on the recently amended habeas corpus statute. 28 U.S.C. § 2244(b), as amended November 2, 1966, Pub.L. 89–711, 80 Stat. 1104. 28 U.S.C. § 2244(b) provides as follows:

> When after an evidentiary hearing on the merits of a material factual issue, or after a hearing on the merits of an issue of law, a person in custody pursuant to the judgment of a State court has been denied by a court of the United States or a justice or judge of the United States release from custody or other remedy on an application for a writ of habeas corpus, a subsequent application for a writ of habeas corpus in behalf of such person need not be entertained by a court of the United States or a justice or judge of the United States unless the application alleges and is predicated on a factual or other ground not adjudicated on the hearing of the earlier application for the writ, and unless the court, justice, or judge is satisfied that

the applicant has not on the earlier application deliberately withheld the newly asserted ground or otherwise abused the writ.

■ Prior to the 1966 amendments the obligation of a federal court to hear a successive petition for habeas corpus was outlined in Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963). There is no question as to the propriety of the district court's dismissal of the claim of illegal arrest, since the claim is identical to, and is predicated on the same factual grounds as, one of the contentions raised and decided in the earlier petition. Neither the rule enunciated in *Sanders* nor 28 U.S.C. § 2244(b) requires the district court to again consider this contention.

■ However, the issue is not so simple with respect to the dismissal of the three new grounds raised in the latest petition. It is clear that the district court's action would have been improper if *Sanders* alone governed the situation; under *Sanders*, abuse of process is an affirmative defense and may not be relied on to dismiss a petition unless it is pleaded by the respondent.[1] The district court's dismissal of the petition on this ground without an answer by the state is therefore justifiable only if the amendments to 28 U.S.C. § 2244 validly eliminate this procedural requirement stated by *Sanders*. We think that the language of the amendment, together with its legislative history, clearly indicates such an intention. The language of the amendment indicates that it is to be incumbent upon the petitioner who has received a decision on the merits of issues raised in an earlier petition to show, when he later petitions for federal relief based on new grounds, that he has not "on the earlier application deliberately withheld the newly asserted ground or otherwise abused the writ."

The Report of the Senate Judiciary Committee (Senate Report No. 1797, October 18, 1966) confirms this interpretation of the effect of the amendments. Although the report does not in terms discuss the precise issue of whether a district judge may dismiss a petition because of abuse of process on his own motion, it does deal in general terms with the problem of successive petitions.

"Although only a small number of these [habeas corpus] applications have been found meritorious, the applications in their totality have imposed a heavy burden on the Federal courts. In many instances the burden has been an unnecessary one, since the State prisoners have been filing applications either containing allegations identical to those asserted in a previous application that has been denied, or predicated upon grounds obviously well known to them when they filed the preceding application. The bill seeks to alleviate the unnecessary burden by introducing a greater degree of finality of judgments in habeas corpus proceedings." 1966 U.S.Code Cong. & Adm.News, p. 3664.

The amendment therefore does not in any way restrict the availability of habeas corpus; it simply alters the procedures under which a district court may determine that a petitioner's conduct has debarred him from a right to be further heard, conduct which the Supreme Court recognized in *Sanders* could have such an effect on the petitioner's rights.

However, the issue in this case extends beyond the simple question of whether a district judge may, on his own motion, dismiss a petition for abuse of process without an abuse having been specifical-

---

1. The Supreme Court in *Sanders* did not discuss whether the respondent also has the burden of proving abuse of process, in addition to the burden of pleading. However, the Court did rely on its earlier decision in Price v. Johnston, 334 U.S. 266, 68 S.Ct. 1049, 92 L.Ed. 1356 (1948). *Price* held that once the respondent has pleaded abuse of process with "clarity and particularity * * *, the prisoner has the burden of answering that allegation and of proving that he has not abused the writ." 334 U.S. 266, 292, 68 S.Ct. 1049, 1063.

ly pleaded by the respondent. The question remains whether the judge may determine, solely on the basis of the petition and prior records, that the petitioner has deliberately withheld known grounds or otherwise abused the writ, without providing the petitioner an opportunity to explain his conduct. We do not think that the statute, as amended, authorizes such a procedure.

The statute does not authorize dismissal of every subsequent petition which raises grounds for relief not presented to the court in an earlier petition. To be barred from relief the petitioner must have "deliberately withheld" the new grounds in his earlier petition. This language implies more than simply a failure to present a ground existing at the time of the previous petition. As a minimum, the newly asserted ground must have been known to the petitioner at the time of his earlier petition. He cannot be charged with having abused the writ of habeas corpus if, at the time of his earlier petition, he was unaware of the facts on which the newly asserted claim is based, or was unaware that those facts could constitute a basis for federal habeas corpus relief. In addition, a prisoner's unfamiliarity with federal procedures may possibly be responsible for his omission from an earlier petition of some claim for relief which he might have presented had he been better informed.

The 1966 amendment is clearly designed to eliminate the twin problems of endlessly repetitive assertions of identical claims and the drawing out of litigation by the deliberate presentation of claims in bits and pieces. It is not designed to impose an automatic and inflexible forfeiture on every habeas petitioner who, whether out of ignorance, inadvertence, or any other reasons, failed to assert every ground for relief available to him in his first appearance in a federal court. The statutory language implicitly recognizes the possibility that some petitioners who failed in earlier proceedings to raise available

claims may have had justifiable excuses for their failure.

In many cases it will be possible for the district judge to determine from the petition, together with the records of prior proceedings, that the petitioner knew at the time of his earlier petition of the grounds which he belatedly seeks to assert. The petitioner may, as was the case here, have presented the identical claims to a state court before filing his earlier federal petition. However, it is most unlikely that it can be thus determined whether there existed facts and circumstances which would excuse the petitioner's prior inaction. In any event, the district judge should not be in a position of having to search for possible justifications; the petitioner is obligated to present facts demonstrating that his earlier failure to raise his claims is excusable and does not amount to an abuse of the writ. However, it is inherent in this obligation placed upon the petitioner that he must be given an opportunity to make his explanation, if he has one. If he is not afforded such an opportunity, the requirement that he satisfy the court that he has not abused the writ is meaningless. Nor do we think that a procedure which allows the imposition of a forfeiture for abuse of the writ, without allowing the petitioner an opportunity to be heard on the issue, comports with the minimum requirements of fairness.

Therefore, we hold that in a case in which the district judge believes, after examining the petition for habeas corpus, that the petitioner may have in an earlier petition deliberately withheld grounds then available to him, the judge may not dismiss the petition on the ground of abuse of the writ without first giving notice to the petitioner that such action is contemplated and affording him an opportunity to amend his petition to offer any explanation he may have which would justify his earlier omission or show that the omission was not deliberate, or that the grounds were not then known to him. If the petitioner

then offers no such explanation, or if his explanation is not such as would excuse his prior failure to present his claims, the district judge may then summarily dismiss the petition pursuant to 28 U.S.C. § 2244(b).[2]

 What we have said suffices to show that further proceedings will be required in the present case, since the district court did not notify Johnson, before entering the order dismissing the petition for abuse of the writ, that reliance on this ground for dismissal was contemplated, nor was Johnson allowed an opportunity to explain the omission of his newly presented grounds from his earlier petition. We note in addition, however, that the district court was incorrect in stating that Johnson had never before presented his new grounds to the court. Between January 9 and January 27, 1964 Johnson sent a petition and two supporting letters (treated as separate petitions) to the district court. In these documents, and most particularly in the letter of January 27, he raised all of the contentions which he sought to present in the petition now under consideration, with the exception of his claim that the line-up procedure was unfairly suggestive. Although the 1964 petitions were properly dismissed for failure to exhaust state remedies, the presence of these allegations in Johnson's first attempt to secure federal relief leaves less than certainty that his intention has been to evade the orderly procedures of the federal court by conducting piecemeal litigation. The record is entirely without an indication as to why, after attempting to present these contentions to the federal court, and after subsequently raising them in the state courts in compliance with the district court's order, he then failed to include them in his 1966 habeas corpus petition. We can express no opinion as to whether this failure is excusable; it is sufficient for our purposes here that, until he is afforded an opportunity to explain, it may be so.

Accordingly, a certificate of probable cause to appeal is granted. The judgment of the district court is reversed, and the case is remanded for further proceedings consistent with this opinion.

---

2. We do not envision a need for the district judge to hold a hearing in any but the most exceptional cases. We reiterate that summary dismissal for abuse of the writ is proper when the petitioner, having been given an opportunity to satisfy the judge that he has not abused the writ, fails to do so.