**Andrew John WALKER**

v.

**UNITED STATES of America.**

**Civ. No. Y–84–1574.**
**(Crim. No. Y–80–0046).**

United States District Court,
D. Maryland.

July 23, 1984.

---

Andrew J. Walker, pro se.

J. Frederick Motz, U.S. Atty., Baltimore, Md., for plaintiff USA.

## MEMORANDUM

JOSEPH H. YOUNG, District Judge.

The movant, an inmate in Carson City, Nevada, has filed this 28 U.S.C. § 2255 motion to correct an alleged illegal sentence. Because the same movant had filed an earlier petition under the same statute, the Court inquired, under Rule 9 of the Rules Following 28 U.S.C. § 2255, why the claims raised in this motion were not raised in the first motion, filed in 1982. The Court is satisfied that it may not summarily dismiss his motion on the grounds that it is successive under *Johnson v. Copinger*, 420 F.2d 395, 399 (4th Cir.1969).

Nevertheless, under Rule 4, Rules Following 28 U.S.C. § 2255, the Court must examine the motion to determine if the government should be required to answer the motion or if it "plainly appears" that the "movant is not entitled to relief." Having reviewed the particulars of the motion, the Court is satisfied that he is not entitled to relief, and will deny the motion.

The movant's first two claims relate to the alleged illegality of his arrest (he claims that an arrest warrant was issued without probable cause and that he was arrested without probable cause). While the Court, after reviewing the substance of his claims, seriously doubts they have any merit, the Court need not reach this issue, since the illegality of the underlying arrest may not be attacked in a collateral proceeding—such as a § 2255 motion—unless the movant alleges both an illegal arrest and some effect (such as the introduction of tainted evidence) on the trial as a result of the illegal arrest. *United States v. Johnson*, 582 F.2d 1186, 1188 (8th Cir.1978). Courts which have held that the illegality of the underlying arrest may be considered

in a § 2255 motion have also held that such an issue is only presented when the arrest resulted in a search and seizure of evidence admitted at trial. *Duhart v. United States*, 476 F.2d 597, 597–98 (6th Cir.1973):

Appellant argues that he was illegally arrested and, as a result, the subsequent search and seizure of evidence in his car was illegal. He claims he is entitled to a hearing by virtue of *Kaufman v. United States*, 394 U.S. 217 [89 S.Ct. 1068, 22 L.Ed.2d 227] (1969). *Kaufman* established that search and seizure issues could be properly raised on § 2255 motions. Some courts … are reported to have limited *Kaufman* to search and seizure situations. Our reading of these cases indicates that they merely affirm the principle that an arrest alone, without more, is not ground for a collateral attack in a proceeding to vacate sentence …

Since search and seizure issues can now be properly raised on motions to vacate, it follows that where such motions allege an illegal search and seizure based on and incident to an illegal arrest, consideration of the illegal arrest is within the ambit of *Kaufman.*

The movant has not alleged that his illegal arrest led to the introduction of improper evidence at trial (he alleges that, he, himself, was the "fruit of a poisonous tree," a contention which, if accepted, would bypass the requirement that illegal arrest will only be considered in a collateral proceeding where the arrest led to inadmissible evidence being introduced).

However, a review of the transcript of the trial shows that, in fact, the movant's attorney did attempt to suppress evidence obtained as a result of the supposedly illegal arrest, and the Court denied that motion (*see* transcript, Volume III, pp. 5 and 126–130). A review of the file also indicates that this issue was not raised on appeal. *United States v. Andrew John Walker*, No. 80–508, slip op. at 1 (4th Cir. February 20, 1981). Under the rules set forth in *Kaufman v. United States*, 394 U.S. 217, 226–27, 89 S.Ct. 1068, 1074, 22 L.Ed.2d 227 (1969), this Court need only

question its prior factual determination with regard to the motion to suppress under certain limited circumstances, none of which apply here. As noted by the court in *Simmons v. United States*, 354 F.Supp. 1383, 1386 (N.D.N.Y.1973), *affirmed*, 491 F.2d 758 (2d Cir.1974), allowing those convicted in a federal court to raise in collateral proceedings the same claims earlier raised and resolved would "serve neither the ends of justice nor any purpose whatever." Accordingly, issues raised by the movant with regard to his "illegal" arrest will not be considered in this § 2255 motion.

The movant's remaining claim is that he was denied the right to "assist in his own defense," because he and his attorney were excluded from a bench conference in which the government made a statement with regard to the identity of a confidential informant.

The Sixth Amendment to the United States Constitution guarantees criminal defendants—among other things—the right to be confronted with the witnesses against them. The "confrontation clause" of the Sixth Amendment has been interpreted by the Supreme Court as requiring the presence of the defendant at "stages of the proceedings where fundamental fairness might be thwarted by his absence." *Faretta v. California*, 422 U.S. 806, 816, 95 S.Ct. 2525, 2531, 45 L.Ed.2d 562 (1975), citing *Snyder v. Massachusetts*, 291 U.S. 97, 54 S.Ct. 330, 78 L.Ed. 674 (1934). As stated in the recent case of *LaChappelle v. Moran*, 699 F.2d 560, 565 (1st Cir.1983):

Every aspect of a judicial proceeding, however, is not a stage of the trial at which an accused must be present. Given the confrontation clause's central concern with enabling the defendant to assist with his own defense, a right of "presence [is not guaranteed where the defendant's] presence would be useless, or the benefit but a shadow."

*Accord: United States v. Veatch*, 674 F.2d 1217, 1225 (9th Cir.1981).

The incident of which the defendant complains was a conference between the Court

1046

and the prosecuting attorneys at the bench, which is reported in the transcript for March 20, 1980 (Volume V) at pp. 285 through 292. In that portion, the prosecutors approached the bench, out of the hearing of the defendant and his attorney, to discuss the identity of a confidential informant. During that conversation, the only matter discussed which was not later discussed in open court was the name of the informant. Obviously, the defendant cannot be expected to attend a conference at which the name of the informant is disclosed, if the confidentiality of the informant is to be maintained, and the Supreme Court has recognized the importance of maintaining such secrecy. *McCray v. Illinois,* 386 U.S. 300, 312, 87 S.Ct. 1056, 1062, 18 L.Ed.2d 62 (1967). At least one court has held that *in camera* proceedings are appropriate to determine whether identity should be disclosed. *Sandoval v. Aaron,* 562 F.2d 13, 15 (10th Cir.1977). Accordingly, the Court has determined that the dialogue between government attorneys and the Court at the bench on March 20 was not a critical stage of the trial at which the defendant had a right to be present. The motion to vacate sentence under 28 U.S.C. § 2255 will be denied. It appears on the face of the motion and from a review of prior proceedings in this matter that the movant is not entitled to relief.