808 F.2d 834
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Michael Anthony CONWAY, Plaintiff-Appellant,
v.
R.M. MUNCY; Attorney General of Virginia, Defendants-Appellees.
 No. 86-6704.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 30, 1986.
Decided Dec. 11, 1986.
 
 Before HALL, PHILLIPS and ERVIN, Circuit Judges.
 Michael Anthony Conway, appellant pro se.
 Katherine Baldwin Toone, Office of the Attorney General, for appellees.
 PER CURIAM:
 
 
 1
 Michael Anthony Conway seeks to appeal the district court entry of summary judgment on his petition filed pursuant to 28 U.S.C. Sec. 2254. Conway filed his first habeas petition in the United States District Court for the Eastern District of Virginia on May 24, 1983, alleging that: (1) he was denied the right to subpoena defense witnesses; (2) the jury was selected in an unconstitutional manner; (3) the evidence concerning the victim's identification of him as the robber was insufficient; and (4) the victim's identification of him was the result of suggestive police tactics. Finding that Conway had exhausted his state remedies only as to the third claim, the district court ordered Conway to elect either to dismiss all his claims without prejudice or to proceed only with the exhausted claim. Conway elected to proceed with the exhausted claim despite the court's warning that doing so could bar subsequent presentations of the dismissed claims. The court then found that the evidence was sufficient to support Conway's conviction and thus denied his petition.
 
 
 2
 Conway subsequently filed a habeas petition in the Virginia Supreme Court setting forth the same allegations raised in the petition which is the subject of this appeal.[1] The Virginia Supreme Court dismissed the petition as procedurally barred under Va.Code Sec. 8.01-654(B)(2).[2] The court apparently considered Conway's claims as waived, due to his failure to dismiss his first federal habeas petition in order to pursue exhaustion of state remedies.
 
 
 3
 We agree with the district court that it is without question that Conway had knowledge of the grounds he asserts in his present petition at the time he filed his first federal habeas petition. As the court clearly instructed Conway that failure to dismiss his petition and pursue his unexhausted claims could result in barring subsequent presentation of the claims, we find that Conway's attempt now to pursue these claims constitutes an abuse of the writ. Rule 9(b), Rules Governing 28 U.S.C. Sec. 2254 cases; Miller v. Bordenkircher, 764 F.2d 245, 248-49 (4th Cir.1985). Although the district court did not give Conway the requisite notice that Rule 9(b) dismissal was contemplated, Johnson v. Copinger, 420 F.2d 395, 399 (4th Cir.1969), the court did notify him of his right to submit evidence in opposition to the state's evidence, and Conway addressed the issue in his response to the respondent's motion to dismiss. We therefore find the failure of the district court to provide full notice harmless error in this case.[3]
 
 
 4
 Because the dispositive issues recently have been decided authoritatively, we deny a certificate of probable cause to appeal, dispense with oral argument, and dismiss the appeal.
 
 
 5
 DISMISSED.
 
 FN1 Conway's allegations are as follows:
 
 6
 (1) ineffective assistance of trial counsel due to his failure to interview and subpoena three witnesses;
 
 
 7
 (2) ineffective assistance of trial counsel for failure to advise Conway as to the maximum sentence which could be imposed;
 
 
 8
 (3) ineffective assistance of trial counsel for failing to move for a mental examination of Conway to determine competence to stand trial and mental stability at the time of the offense;
 
 
 9
 (4) ineffective assistance of trial counsel for failing to object to the composition of the jury or to conduct individual voir dire; and
 
 
 10
 (5) unconstitutional selection of the jury due to the court's error in allowing members who were familiar with the police captain and members who had been victims of crime to serve on the jury.
 
 
 
 [2]
 VaCode Sec. 8.01-654(B)(2) provides that "[n]o writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition."
 
 
 FN3
 The district court also found that Wainwright v. Sykes, 433 U.S. 72 (1977), precluded review of Conway's claims as the Virginia Supreme Court had deemed them waived due to his failure to pursue them in his first federal petition. We reserve for future determination the question of whether this application of Virginia's procedural rule constitutes an adequate and independent ground upon which to foreclose review of a federal constitutional claim