**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Samuel Lee OLIVER,
Defendant–Appellant.**

**No. 87–6555.**

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 7, 1988.

Decided Jan. 13, 1989.

Rehearing and Rehearing In Banc
Denied March 20, 1989.

---

Frank Salvato, Student Counsel (Nancy Cook, American University Washington College of Law, Appellate Advocacy Law Clinic, Washington, D.C., on brief), for defendant-appellant.

Rudolf A. Renfer, Jr., Asst. U.S. Atty., Raleigh, N.C. (Margaret Person Currin, Office of U.S. Atty. Gen., Raleigh, N.C., on brief), for plaintiff-appellee.

Before HALL, MURNAGHAN and CHAPMAN, Circuit Judges.

CHAPMAN, Circuit Judge:

This appeal presents the question: Whether it is proper for a trial court to dismiss a motion made under 28 U.S.C. § 2255, attacking a sentence on constitutional grounds without providing notice to the petitioner and an opportunity to respond to allegations forming the basis of the dismissal? We find that, on the present facts, the district court had the authority, under the clear language of § 2255[1] and Rules 4(b)[2] and 9(b)[3] of the Rules Governing Proceedings in the United States District Court Under Section 2255 of Title 28, United States Code, to dismiss the petition without providing prior notice to the petitioner with an opportunity to respond to the court's findings forming the basis of the dismissal, and that the judge did not abuse his discretion, because it plainly appeared from the face of the motion, the annexed exhibits and the prior proceedings that petitioner was not entitled to relief, that petitioner had failed to allege new or different grounds from those previously presented and decided on the merits, and that the failure to assert the present grounds in the prior motion was an abuse of the procedure governing the Section 2255 Rules.

I

All of the judicial proceedings relevant to this case were conducted before the Honorable Franklin T. Dupree, Jr., United States District Judge for the Eastern District of North Carolina. Appellant Samuel Lee Oliver is approximately 38 years of age and, he completed high school and attended college. In 1976 appellant Oliver was convicted of bank robbery and sentenced by Judge Dupree to an active prison term. On March 30, 1979 he was paroled from federal custody. On June 30, 1981, Oliver, while armed with a handgun robbed the Peoples Bank and Trust Company in Fayetteville, North Carolina, and put in jeopardy the life of one of the tellers. He was again brought before Judge Dupree. Oliver en-

---

1. 28 U.S.C. § 2255 (pertinent language)

Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States Attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of the law with respect thereto.

The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner.

2. Rule 4(b) Initial consideration by judge. The motion, together with all the files, records, transcripts and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.

3. Rule 9(b) Successive Motions. A second or successive motion may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the movant to assert those grounds in a prior motion constituted an abuse of the procedure governed by these rules.

tered a plea of not guilty and H. Gerald Beaver, Esquire, was appointed by the court to represent Mr. Oliver. Mr. Beaver and his associate, Mr. Tom Holt, had numerous meetings and conferences with Oliver and prepared his case for trial. Oliver worked closely with his attorneys, furnished them with the names of witnesses, and at trial took notes during the testimony of government witnesses, which Mr. Beaver testified were "particularly cogent". On August 25, 1981, when the government had completed its presentation, except for one final witness, Oliver informed his attorney that he wished to enter a plea of guilty. Although the attorney did not feel that appellant should change his plea, he testified that appellant gave no indication that he was acting pursuant to any undue influence or that he was not competent to make this decision. The attorney asked Oliver the same basic questions that a court must ask under F.R.Crim.P. 11 to be sure that Oliver understood what he was doing and appreciated the consequences of his act.

The district judge then conducted a thorough Rule 11 proceeding during which the court asked Oliver: "Have you been satisfied with the services that he [Attorney Beaver] has rendered you?" Oliver answered: "Overwhelmingly satisfied, sir." During this proceeding Oliver testified that he was not under the influence of any drug or alcohol and that his mind was clear and that he was making his change of plea freely, voluntarily and with a full understanding of the charges. The court made the necessary findings under Rule 11 and then imposed a sentence of 24 years pursuant to 18 U.S.C. § 2113(d) and 2.

On December 8, 1981 appellant Oliver filed a motion for reduction of sentence under F.R.Crim.P. 35. In this petition Oliver alleged that he was denied a proper defense to the charges in the indictment because "his Court Appointed Counsel, Gerald Beaver, was ineffective, in his assistance for protecting Petitioner's Constitutional Right, pursuant to the provisions of the 5th Article of the United States Constitution." Oliver also alleged that Beaver had failed to comply with F.R.Crim.

P. 12.2 by not giving notice of an insanity defense and by not following the procedures set forth in this rule. This motion for reduction of sentence was denied by the district court on January 20, 1982.

On May 3, 1982, Oliver filed his first motion to vacate his sentence under 28 U.S.C. § 2255. In his motion he alleged that he had previously filed a Rule 35 motion alleging ineffective assistance of counsel, and he further alleged that his guilty plea was involuntary, because he was incompetent at the time of the plea and it was not a knowing and an intelligent plea. The district court ordered a psychiatric examination to be conducted by the Bureau of Prisons pursuant to 18 U.S.C. §§ 4245 and 4241. A majority of the examining doctors found that appellant was competent to change his plea at the time of trial and that he completely understood and he was aware of the procedures and consequences of pleading guilty. During this procedure Attorney Beaver testified as to his representation of the appellant and gave his opinion that appellant was competent at the time he decided to change his plea and entered a plea of guilty.

Following the hearing on this first motion for relief under § 2255, the court found that Oliver had failed to carry his burden of proof on the issue of incompetency. The motion for relief was denied on March 9, 1983.

On November 25, 1986, appellant filed his second motion under 28 U.S.C. § 2255 to vacate his conviction for armed bank robbery, and in this motion he stated his ground of relief as "Counsel failed to raise the issue of Defense of Insanity when there was sufficient evidence to support the issue." On January 13, 1987, the same district judge, who had sentenced Oliver on two prior occasions for bank robbery, and had considered his Rule 35 motion in which he alleged ineffective counsel, and had considered and denied his first § 2255 motion after appointing a medical examining board and taking testimony of various witnesses, denied this second motion. At the time of the second denial the district judge had before him all of the files, records, tran-

scripts and correspondence relating to the judgment under attack, and to prior motions and petitions filed by Oliver attacking his conviction. The district court found that the November 25, 1986 motion was successive and that an answer by the government was unnecessary. The court found that this second 2255 motion was governed by Rule 9(b) and that "[m]ovant has abused the procedure governed by the rules of habeas corpus. Furthermore, the court concludes that the government would be prejudiced by the granting of this motion." The court further found that the facts asserted in the new motion "[w]ere entirely known to movant at the time of his previous motion. Movant has presented to the court exhibits documenting his use of 'anti-depressant and psycho-tropic medication' during 1976 and 1977. Movant's 'continuous' use of these drugs was obviously known to him when filing his first Section 2255 motion and during the subsequent hearing. Although Oliver now alleges that he was insane when he committed the robbery, as opposed to incompetent when he pled guilty, the essence of his prior and present motions revolves around his mental state. With this in mind, movant should have raised his insanity argument at his first Section 2255 motion. Such action would have enabled movant to confront his attorney with his present allegations at the hearing at which his counsel testified.[*] Oliver's presentation of his mental issue now and not previously constitutes an abuse of procedure, movant having obviously known the facts asserted here for some time."

## II

First, we face the appellant's claim that *Johnson v. Copinger,* 420 F.2d 395 (4th Cir.1969), requires a district court to provide to a § 2255 petitioner facing dismissal for abuse of the process, both notice and an opportunity to respond. Appellant does not understand our holding in *Johnson v. Copinger,* nor does he appreciate the changes in procedure which have occurred since 1969. *Copinger* did not deal with § 2255, but with 28 U.S.C. § 2254(b). *Copinger* relates to the 1966 amendments to § 2254 and we held at 398–399:

> However, the issue in this case extends beyond the simple question of whether a district judge may, on his own motion, dismiss a petition for abuse of process without an abuse having been specifically pleaded by the respondent. The question remains whether the judge may determine, solely on the basis of the petition and the prior records, that the petitioner has deliberately withheld known grounds or otherwise abused the writ, without providing the petitioner an opportunity to explain his conduct. We do not believe that the statute, as amended, authorizes such a procedure.

In *Copinger* the petitioner was a state prisoner attacking his state conviction in the United States District Court. The only things before the district judge were the motion and certain prior records from the state court. In the present proceeding we are dealing with a motion attacking a conviction in the United States District Court. The present motion for relief under § 2255 was presented to the same judge, who had heard a prior motion for relief under § 2255, a prior motion for reduction of sentence under Rule 35, and who had twice tried and sentenced the movant for bank robbery.

Since *Copinger* the rules governing procedures in the United States District Courts under § 2255 of Title 28, United States Code have been adopted. Rule 4(b) provides:

> Initial consideration by judge.

> The motion, together with all of the files, records, transcripts and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior pro-

---

[*] "Movant apparently does not recall this hearing since he states in his motion that he did not receive a hearing on his first motion. This statement is simply incorrect." (Footnote to District Court order).

ceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.

Rule 9(b) Successive motions

A second or successive motion may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the movant to assert these grounds in a prior motion constituted an abuse of the procedure governed by these rules.

The district judge was intimately acquainted with the prior convictions and the prior motions of the appellant. The prior proceedings clearly indicate that as early as the appellant's Rule 35 motion, dated November 22, 1981, he claimed ineffective assistance of counsel because such counsel had not raised the issue of insanity. In this prior motion he even called attention to Federal Rule of Criminal Procedure 12.2 which requires the defense attorney to give notice of such an insanity defense and the procedures to be followed thereafter. Five years later in his November 25, 1986 motion for relief under § 2255 he makes the same claim of ineffective assistance of counsel stating "counsel failed to raise the issue of Defense of Insanity when there was sufficient evidence to support the issue." Also, the May 3, 1982 petition under § 2255 raised the issue of mental competency, but it did not raise it with a claim of ineffective assistance of counsel allegation.

■ Judge Dupree dismissed the motion under Rule 9(b), but he would have been clearly correct in dismissing it under Rule 4(b), since it was obvious from the prior proceedings in the case that appellant was not entitled to relief. Twice before appellant had raised the issue of his sanity or competency, and on one of these occasions

had tied it to a claim of ineffective counsel. A dismissal under Rule 4(b) does not require notice to the appellant and an opportunity to respond to the allegations forming the basis of the dismissal.

■ The dismissal without notice and an opportunity to respond was also appropriate under Rule 9(b), because the district judge knew from the allegations of the present motion and the record of prior motions, and the district judge's unique knowledge of the prior motions and proceedings, that there were no new or different allegations for relief in the November 25, 1986 motion. The district judge found "... that the facts asserted in movant's present motion were entirely known to movant at the time of his previous motion." This finding is supported by the record and the dismissal on this finding is proper under Rule 9(b).

There is no requirement of notice to appellant prior to dismissal or an opportunity to respond on the present facts. Our holding in *Johnson v. Copinger* does not apply because the present appeal involves a § 2255 motion, and, as such, it is governed by the Rules Governing Proceedings In The United States District Courts Under Section 2255 of Title 28, United States Code. This motion was properly dismissable under either Rule 4(b) or Rule 9(b), or both, and the language of 4(b) is clear that the movant is only notified after dismissal. On the present facts it would serve no useful purpose to require prior notice of a 9(b) dismissal.

■ The standard for dismissal under the § 2255 Rule 9(b) is not as strict as that under Rule 9(b) of the § 2254 Rules. Under 9(b) of the § 2254 Rules the court must find "that the failure of the movant to assert those grounds in a prior motion, constituted an abuse of the writ." However, under § 2255 Rule 9(b) the court may dismiss if it finds "that the failure of the movant to assert those grounds in a prior motion constituted an abuse of the procedure governed by these rules." Oliver's present petition is an abuse of the procedure governed by the § 2255 rules, because it is successive. It involves the same alle-

gation of ineffective assistance of counsel as his Rule 35 motion, filed 5 years previously, and his failure to assert these grounds in the prior § 2255 motion violate the procedure, the letter and the spirit of the rules.

From the allegations of the present motion, the record of prior proceedings, and the district court's knowledge of the prior proceedings, the court could properly find there was no right to relief on the assertion of ineffective assistance of counsel. The appellant could not meet the standard imposed by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) that a defendant must show that but for the attorney's unprofessional errors, there was a reasonable probability that the result of the trial would have been different. Oliver does not allege that, but for Beaver's failure to investigate the insanity defense, the outcome of the criminal proceeding would have been different. He entered a guilty plea and his mental capacity to enter such a plea has already been established.

■ Appellant also contends that the district court erred in considering the untimeliness of the present motion, because 28 U.S.C. § 2255 provides: "a motion for such relief may be made at any time." It is obvious from the language of the district court's order that little weight was given to the question of timeliness. However, we held in *Raines v. United States*, 423 F.2d 526 (4th Cir.1970) that the delay in filing such a motion is not controlling, but it may merit consideration.

AFFIRMED.

1. Section 2254 is utilized by those prisoners who are in custody pursuant to the judgment of a *state* court. Section 2255, on the other hand, is utilized by the prisoners, like the one in the instant case, who are in custody pursuant to the judgment of a *federal* court.

2. The dismissal was based on 28 U.S.C. § 2244(b):

When after an evidentiary hearing on the merits of a material factual issue, or after a hearing on the merits of an issue of law, a person in custody pursuant to the judgment of a State court has been denied by a court of the United States or a justice or judge of the

MURNAGHAN, Circuit Judge, dissenting:

As I believe the majority's decision, which permits a trial court to dismiss a petition under 28 U.S.C. § 2255 as an abuse of the writ without providing notice and an opportunity to be heard to the petitioner, is ill-founded, I must respectfully dissent.

It is unnecessary to repeat the majority's recitation of the facts and procedural history of Oliver's repeated attempts to attack his sentence on constitutional grounds. Indeed, it is more beneficial to a correct legal analysis of Oliver's appeal to focus here on the precise issue presented, rather than the probable weakness of the merits of Oliver's underlying claim.

The district court found Oliver's § 2255 motion successive and thus an abuse of the "procedure governed by the rules of Habeas Corpus." The court summarily dismissed the motion under Rule 9(b) of the Rules Governing § 2255 Proceedings. 28 U.S.C. foll. § 2255. The court did not notify Oliver or permit him an opportunity to respond to its determination prior to dismissing his motion. The majority found that course fully justified by the clear language of § 2255 and Rule 9(b). I must disagree.

In *Johnson v. Copinger*, 420 F.2d 395 (4th Cir.1969), we laid out the procedural requirements that a district court must follow before it may dismiss a petition for a writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254 [1] on the ground of abuse of the writ. In reviewing the district court's dismissal of the defendant's successive petition,[2] we explained as follows:

United States release from custody or other remedy on an application for a writ of habeas corpus, a subsequent application for a writ of habeas corpus in behalf of such person need not be entertained by a court of the United States or a justice or judge of the United States unless the application alleges and is predicated on a factual or other ground not adjudicated on the hearing of the earlier application for the writ, and unless the court, justice, or judge is satisfied that the applicant has not on the earlier application deliberately withheld the newly asserted ground or otherwise abused the writ.

[I]n a case in which the district judge believes, after examining the petition for habeas corpus, that the petitioner may have in an earlier petition deliberately withheld grounds then available to him, the judge may not dismiss the petition on the ground of abuse of the writ without first giving notice to the petitioner that such action is contemplated and affording him an opportunity to amend his petition to offer any explanation he may have which would justify his earlier omissions or show that the omission was not deliberate, or that the grounds were not then known to him.

*Copinger,* 420 F.2d at 399.

The majority summarily dismisses *Copinger* as inapplicable to a § 2255 determination, yet ignores the substantial similarities between the language, policies and practical effects of the two provisions. *See, e.g., Sanders v. United States,* 373 U.S. 1, 11–14, 83 S.Ct. 1068, 1075–1077, 10 L.Ed.2d 148 (1963) (finding § 2254, § 2255 and common law principles the same); *cf. Jones v. Estelle,* 722 F.2d 159, 163 & n. 2 (5th Cir.1983) (*en banc*) (*Sanders'* § 2255 analysis of successive motions is applicable to § 2254 cases).

Subsequent regulatory provisions have not affected the validity of *Copinger's* analysis or rendered it inapplicable to a case under § 2255. In 1976, Congress promulgated rules governing proceedings under 28 U.S.C. § 2254 and § 2255. Rule 4 for § 2254 provides in part as follows:

**Rule 4. Preliminary consideration by judge**

The original petition shall be presented promptly to a judge of the district court in accordance with the procedure of the court for the assignment of its business. The petition shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate. In every case a copy of the petition and any order shall be served by certified mail on the respondent and the attorney general of the state involved.

In language that is similar, Rule 4(b) for § 2255 provides as follows:

**(b) Initial consideration by judge.** The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.

Rule 9 for § 2254 is as follows:

**Rule 9. Delayed or successive petitions**

**(a) Delayed petitions.** A petition may be dismissed if it appears that the state of which the respondent is an officer has been prejudiced in its ability to respond to the petition by delay in its filing unless the petitioner shows that it is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the state occurred.

**(b) Successive petitions.** A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

Similarly, Rule 9 for § 2255 is as follows:

## Rule 9. Delayed or Successive Motions

**(a) Delayed motions.** A motion for relief made pursuant to these rules may be dismissed if it appears that the government has been prejudiced in its ability to respond to the motion by delay in its filing unless the movant shows that it is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the government occurred.

**(b) Successive motions.** A second or successive motion may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the movant to assert those grounds in a prior motion constituted an abuse of the procedure governed by these rules.

It is clear that the 1976 rules did not supersede *Copinger,* at least with regard to § 2254 petitions. The Advisory Committee Notes following Rule 9 (§ 2254) explicitly state that the rule and the annexed form [3] conform with *Johnson v. Copinger.* Moreover, in 1985, we reaffirmed the procedural safeguards set forth in *Copinger. Miller v. Bordenkircher,* 764 F.2d 245, 250 n. 5 (4th Cir.1985). Other circuits have recognized the continuing validity of such notice requirements for § 2254 petitions. *See Manning v. Warden, Louisiana State Penitentiary,* 786 F.2d 710, 711 (5th Cir. 1986); *Miller v. Solem,* 758 F.2d 144, 145 (8th Cir.1985); *Robinson v. Fairman,* 704 F.2d 368, 370 (7th Cir.1983).

The primary question here is whether *Copinger* should be limited to § 2254 petitions and not extended to § 2255 petitions. The absence of a significant distinction dictates § 2254 and § 2255 should be treated in a similar manner with regard to the *Copinger* notice requirement. *See United States v. Gutierrez,* 839 F.2d 648, 651–52 (10th Cir.1988). The language of the two provisions, though differing linguistically, when read in context is substantially the same both in meaning and effect. The rules following § 2254 and § 2255 are highly similar. Moreover, Form No. 9 following § 2255, like the Form No. 9 following § 2254, allows the petitioner to explain why his petition should not be dismissed for prejudice or for abuse. *Id.* at 652. The Advisory Committee Notes on the Rules Governing § 2255 cases stated that the Form No. 9 "is intended to serve the same purpose as the comparable one included in the § 2254 rules."

In addition, the rationale behind the notice requirement is applicable to § 2255 petitions as well as to § 2254 petitions. Regardless of whether the petitioner was initially sentenced by a state judge or a federal judge, such a notice requirement would ensure a full airing of the abuse issue. Fundamental fairness necessitates that a *habeas* petitioner, often *pro se* and consequently often legally inarticulate, or at best imprecise, not be summarily foreclosed from relief without an opportunity to respond. The time and effort consumed is minimal; the overall appearance, and hopefully effect, of justice and fair-dealing is preserved. While there is some merit to the majority's argument that the federal judge who initially sentenced a § 2255 petitioner would have a better recollection of the trial, and may not need further comments by the petitioner, there is no guarantee that, as here, the same judge would preside over the *habeas* petition. Notice should still be required under § 2255. *See Walker v. United States,* 587 F.Supp. 1043, 1044 (D.Md.1984) (noting the *Copinger* notice requirement under § 2255); *United States v. Berryman,* 558 F.Supp. 120, 121 (E.D.Va.1983) (same).

Indeed, those courts who have dealt with the issue have had no difficulty in finding a *Copinger* notice requirement fully applicable to § 2255. *See Walker,* 587 F.Supp. at 1044; *Berryman,* 558 F.Supp. at 121. *See also Gutierrez,* 839 F.2d at 651–52 (finding notice requirement of Rule 9(a) (§ 2254) fully applicable to Rule 9(a) (§ 2255); citing

---

**3.** Form No. 9 allows the petitioner to respond as to why his petition should not be barred under

Rule 9 for abuse of the writ or for prejudice.

cases). No court has yet held to the contrary.

Furthermore, the *Copinger* requirement of notice is not left to the discretion of the district judge. *See Copinger*, 420 F.2d at 399 ("the judge *may not* dismiss the petition on the ground of abuse of the writ without first giving notice to the petitioner ...") (emphasis added). By failing to give the petitioner notice and an opportunity to show that he did not abuse the writ, the district court committed reversible error.

The majority also maintains that the district court was justified in any event by dismissing the writ under Rule 4(b), as it was apparent from the face of the motion that the movant was not entitled to relief. The district court, however, clearly based its decision on Rule 9(b). While probably a fairly safe bet, it is still speculation to presume the court's actions will be identical under a 4(b) analysis.[4] Oliver's case, while it may be weak, is not *prima facie* invalid. The district court focused here on Oliver's knowledge of all facts bearing on his second motion at the time he filed his first. The issues alleged on each motion, however, though covering much common ground, do represent distinct legal theories. The district court, with all the previous and intimate knowledge of Oliver's litigation emphasized by the majority, did not rule on the facial invalidity of the merits of Oliver's claims. We should hesitate to do so now.

Admittedly, notice and the opportunity to respond may only rarely assist a petitioner whose motion is so deficient it appears successive. Yet, it is important to remember that the appearance of even-handedness and scrupulous adherence to rules may cover some aspects not touched by actual even-handedness scrupulously applied.

---

**4.** Although I would readily concur with my colleagues' determination that Judge Dupree's intimate knowledge of Oliver's factual and legal circumstances may certainly qualify him to take such action under Rule 4(b), he has not done so.