888 F.2d 1387
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Frizell STEPHENS, Petitioner-Appellant,
v.
R.M. MUNCY, Mary Sue Terry, Attorney General of Virginia,
Respondents-Appellees.
 No. 89-6648.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 16, 1989.
Decided Oct. 18, 1989.
Rehearing and Rehearing In Banc Denied Nov. 30, 1989.
 
 Frizell Stephens, appellant pro se.
 Frank Snead Ferguson, Office of the Attorney General, for appellees.
 Before DONALD RUSSELL, WIDENER, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Frizell Stephens seeks to appeal the district court's order refusing habeas corpus relief pursuant to 28 U.S.C. Sec. 2254. Our review of the record and the district court's opinion discloses that this appeal is without merit. Accordingly, we deny a certificate of probable cause to appeal and dismiss the appeal on the reasoning of the district court.[1] Stephens v. Muncy, C/A No. 88-199-L (W.D.Va. Apr. 20, 1989). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.[2]
 
 
 2
 DISMISSED.
 
 
 
 [1]
 Even if we conclude, for purposes of this appeal, that appellant's claim concerning the prosecutor's use of peremptory strikes to remove blacks from the jury panel was not known to him at the time that he filed his first petition, see, e.g., Batson v. Kentucky, 476 U.S. 79 (1986), appellant is still not entitled to habeas relief because the rule announced in Batson does not apply retroactively on collateral review of convictions that became final before Batson was decided. Allen v. Hardy, 478 U.S. 255 (1986). Appellant's conviction became final in 1984
 
 
 [2]
 Appellant contends that the district court erred in not giving him notice that the court was contemplating dismissing the petition as an abuse of the writ and affording him an opportunity to offer an explanation to justify his failure to include the new claims in his first federal petition. See Johnson v. Copinger, 420 F.2d 395, 399 (4th Cir.1969). Although we agree that the court erred in not complying with the requirements of Copinger, we conclude that, under the facts of this case, the error was harmless. Appellant was put on notice by the Commonwealth's motion to dismiss that his petition was subject to dismissal as an abuse of the writ. He was afforded the opportunity to respond to the Commonwealth's contention that the petition should be dismissed as an abuse of the writ, and did so