960 F.2d 147
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Amos BROWN, a/k/a Nabb Ali, Defendant-Appellant.
 No. 91-6569.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 10, 1992
Decided: April 22, 1992
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Herbert F. Murray, Senior District Judge. (CR-83-339-HM, CA-89-2584-HM)
 Assunta Rossi, Dublin, Ohio, for appellant.
 Richard D. Bennett, United States Attorney, Peter M. Semel, Assistant United States Attorney, Baltimore, Md., for appellee.
 D.Md.
 AFFIRMED
 Before RUSSELL and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Amos Brown appeals from the district court's order refusing relief under 28 U.S.C. § 2255 (1988). We affirm.
 
 
 2
 Brown was convicted by a jury of bank robbery and several related offenses and sentenced to thirty years in prison. His court-appointed attorney also represented him on an unsuccessful appeal to this Court. United States v. Brown, No. 84-5247 (4th Cir. Sept. 30, 1985) (unpublished).
 
 
 3
 In 1987, Brown filed a § 2255 motion to vacate his sentence claiming, in part, that he had been denied effective assistance of counsel at the trial and appellate levels. The district court denied relief and this Court affirmed on the issue of failure to call witnesses, but granted relief on another ground. United States v. Brown, No. 887145 (4th Cir. Sept. 14, 1988) (unpublished), cert. denied, 489 U.S. 1085 (1989). In 1989, Brown petitioned for habeas corpus relief pursuant to 28 U.S.C. § 2241 (1988), in the United States District Court for the Eastern District of Washington. That court construed Brown's action as another motion for § 2255 relief and transferred the proceedings to the sentencing court-the United States District Court for the District of Maryland. It is this motion which is the focus of this appeal.
 
 
 4
 Brown raised several claims in the present motion. He claimed that his rights to confront his accusers and to have compulsory process issued were violated when two witnesses were not called to testify at his trial. He also claimed that his appeal was meaningless because counsel failed to raise the witness issue and counsel caused him to file an untimely petition for rehearing and failed to advise him of his right to petition the Supreme Court for certiorari. The district court found that the issue of the witnesses not being called to testify as the basis for a violation of Brown's confrontation and compulsory process rights, was successive under Rule 9(b), Rules Governing Section 2255 Proceedings. The court noted that Brown's remaining claims were of the same general grounds previously decided against him but addressed them on their merits as well.
 
 
 5
 The Supreme Court has held that a subsequent petition must meet three criteria to be properly dismissed as successive under Rule 9(b). The new petition must allege the same ground for relief, the prior adjudication must have been on the merits, and the petitioner can not show "the ends of justice" would be met by redetermining the issue. Sanders v. United States, 373 U.S. 1, 15-17 (1963). Courts grant a broad meaning to the "same ground" test. Id. at 16; Miller v. Bordenkircher, 764 F.2d 245, 250 (4th Cir. 1985). The same or identical grounds may exist though proved by different facts and different legal arguments, or even if presented in "different language." Sanders, 373 U.S. at 16; Miller, 764 F.2d at 250.
 
 
 6
 We find that the district court properly determined that the confrontation and compulsory process claims were successive. The prior adjudication was on the merits and the same ground is involved in both petitions-a purported constitutional violation due to counsel's failure to call alibi witnesses.
 
 
 7
 The Supreme Court has said the burden is on the petitioner to show that redetermining an issue already decided on the merits would serve the "ends of justice." Sanders, 373 U.S. at 17. Here, Brown argues that the ends of justice require that all his claims be reviewed on the merits because they are intertwined and he was proceeding pro se in his first § 2255 motion. These arguments are without merit. If counsel's failure to call the two witnesses is clearly a successive claim, then the addition of new but related claims would not permit a federal habeas court to review the witness argument again simply because previously unreviewed claims were also filed in the motion. Whether a petitioner appeared pro se or was represented by counsel in the earlier habeas proceeding is generally immaterial to a court's determination of a Rule 9(b) dismissal. See Miller, 764 F.2d at 251 (Congress did not intend to exclude non-lawyers and the poorly educated from operation of Section 2254's similar Rule 9(b)).
 
 
 8
 The district court discussed the merits of Brown's remaining claims after noting that they too were probably successive. Brown argues that they should be reviewed on the merits because they implicate appellate counsel's duties while the firsts 2255 motion implicated trial counsel's duties. However, Brown's first petition explicitly cited the ineffectiveness of both trial and appellate counsel as grounds for vacating his sentence. Any new ineffective assistance claims, if not technically successive, would be an abuse of the writ since Brown must have been aware of these grounds at the time he filed his first § 2255 petition. See United States v. Oliver, 865 F.2d 600, 604-05 (4th Cir.), cert. denied, 493 U.S. 830 (1989). Moreover, we agree with the district court that even considering the claims on their merits would not entitle Brown to any relief.
 
 
 9
 We, therefore, affirm the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 10
 AFFIRMED.