962 F.2d 8
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Barry W. BYNUM, Defendant-Appellant.
 No. 91-6136.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: January 6, 1992
Decided: May 7, 1992
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert D. Potter, District Judge. (CR-87-25-1-C, CA-91-77-C-C-P)
 Barry W. Bynum, Appellant Pro Se.
 David Alan Graham, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.
 W.D.N.C.
 DISMISSED.
 Before WIDENER and NIEMEYER, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Barry Wayne Bynum appeals from the district court's order refusing relief under 28 U.S.C. § 2255 (1988). We dismiss the appeal as premature.
 
 
 2
 Subsequent to entry of judgment, Bynum filed a motion requesting an extension of time to respond to the Government's motion for summary judgment. A magistrate judge denied Bynum's request after finding that no response from Bynum was necessary because the district court's final order did not resolve any factual issues. By considering the substantive basis for the district court's decision, the magistrate judge treated Bynum's motion as one to set aside judgment pursuant to Fed. R. Civ. P. 59(e). See Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir. 1978). Moreover, because the district court's decision involved a dispositive motion, the magistrate judge's reconsideration of that decision was also dispositive.
 
 
 3
 A magistrate judge can recommend but cannot decide dispositive motions. See Jakubiec v. Cities Serv. Co., 844 F.2d 470 (7th Cir. 1988); Brown v. Wesley's Quaker Maid, Inc., 771 F.2d 952 (6th Cir. 1985), cert. denied, 479 U.S. 830 (1986). Thus the magistrate judge lacked jurisdiction to deny Bynum's request, and Bynum's motion remains pending in the district court. Under Fed. R. App. P. 4(a)(4), a notice of appeal filed before disposition of a timely Fed. R. Civ. P. 59 motion is without effect, and a new notice of appeal must be filed within the appeal period measured from entry of the order disposing of the motion. Bynum's post-judgment motion invalidates his notice of appeal and requires dismissal of this appeal. See Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982). Bynum may file a new notice of appeal within the appeal period measured from disposition of his motion.
 
 
 4
 The Court notes that Bynum was never given notice of his right to respond to the Government's motion for summary judgment. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975). Such notice is not required where the district court summarily disposes of a case pursuant to the special procedural rules of § 2255. See United States v. Oliver, 865 F.2d 600, 604 (4th Cir.) (notice not required under § 2255 Rule 4(b)), cert. denied, 493 U.S. 830 (1989). The district court, however, granted summary judgment, implying that it relied on material outside of the record. The district court should clarify the basis of its decision. If no reliance was placed on material outside the record, then summary disposition under § 2255 Rule 4(b) is appropriate and no notice need be given to Bynum. If reliance was placed on the Government's affidavit, then notice is required and the district court should analyze whether failure to give notice was harmless error. See Fed. R. Civ. P. 61.
 
 
 5
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 DISMISSED