966 F.2d 1445
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Terry Lee HOOSIER, Defendant-Appellant.
 No. 91-7328.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: April 29, 1992
Decided: July 2, 1992
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Charles H. Haden, II, Chief District Judge. (CR-88-158-2, CA-91-655-2)
 Brent E. Beveridge, Fairmont, West Virginia, for Appellant.
 Michael W. Carey, United States Attorney, Phillip B. Scott, Assistant United States Attorney, Charleston, West Virginia, for Appellee.
 S.D.W.Va.
 AFFIRMED.
 Before HALL and MURNAGHAN, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Terry Lee Hoosier filed a 28 U.S.C. § 2255 (1988) motion claiming ineffective assistance of counsel. After a review of the merits, the district court denied the petition. We affirm the district court's denial, but find that no discussion of the merits is required because Hoosier's petition is an abuse of the writ.
 
 
 2
 Hoosier filed his first § 2255 motion in February 1990, alleging that the government had violated his plea agreement and the Sentencing Guidelines by using his self-incriminating statements to enhance his sentence. This motion was denied on the merits by the district court, and we affirmed. See United States v. Hoosier, No. 90-6894 (4th Cir. Mar. 7, 1991) (unpublished). Hoosier's current motion alleges that his counsel was ineffective for various reasons relating to the government's use of Hoosier's relevant conduct to enhance his sentence. The district court denied the motion on the merits.
 
 
 3
 A successive petition constitutes an abuse of the writ when a claim appearing for the first time in the second petition could have been raised in the first petition, but was omitted though inexcusable neglect. McCleskey v. Zant, 59 U.S.L.W. 4288 (U.S. 1991). The government bears the burden of pleading abuse of the writ. Id. at 4296. The government has met this burden. In its response to Hoosier's second motion, the government laid out Hoosier's writ history, identified his new claims and alleged that the motion constituted an abuse of the writ. The burden then shifted to Hoosier to show cause and prejudice for his failure to raise these claims in his first petition.[1] Id. Hoosier has failed to adequately explain his failure to raise ineffective assistance in his earlier petition.
 
 
 4
 Therefore, Hoosier has abused the writ and his motion was properly denied.[2] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Although the district court did not address the abuse of the writ issue in its opinion, Hoosier was put on notice of the possibility of dismissal under this theory by the government's response below, and again by the government's brief before this Court. Further, notice of dismissal pursuant to abuse of the writ is not required for 28 U.S.C. § 2255 motions. United States v. Oliver, 865 F.2d 600 (4th Cir.), cert. denied, 493 U.S. 830 (1989)
 
 
 [2]
 We note that even if we were to reach the merits of Hoosier's petition, we would agree with the district court's decision. Hoosier's counsel was not ineffective under the standards set forth in Strickland v. Washington, 466 U.S. 668 (1984)