39 F.3d 1176
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Anthony CROWELL, Petitioner Appellant,
v.
Edward W. MURRAY, Director of the Virginia Department of
Corrections, Respondent Appellee.
 No. 92-6542.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 9, 1994.
Decided Nov. 14, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. John A. MacKenzie, Senior District Judge. (CA-91-484-N)
 Anthony Crowell, Appellant Pro Se. William Rundahl Coleman, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before WIDENER and MOTZ, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Anthony Crowell appeals the district court's dismissal of his 28 U.S.C. Sec. 2254 petition.* Crowell asserts that changes in the procedures for parole consideration violate the Ex Post Facto Clause. He asserts that he is no longer provided with the guidelines for parole eligibility, he is not allowed to correct erroneous information in his parole report, and his pre-parole interview was conducted by a non-parole board member. Respondent submitted unchallenged statements from the Chairman of the Parole Board claiming that eligibility guidelines are available upon request, and that errors in the report can be challenged through an appeal of parole denial. Hence, these claims are meritless. Because Crowell's allegation concerning parole interviews does not cause the punishment for his crime to be more burdensome, it is not an ex post facto violation. See Collins v. Youngblood, 497 U.S. 37, 42 (1990).
 
 
 2
 For these reasons, we grant a certificate of probable cause to appeal and affirm the dismissal of Crowell's 28 U.S.C. Sec. 2254 petition. We grant leave to proceed in forma pauperis. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 3
 AFFIRMED.
 
 
 
 *
 The district court dismissed Crowell's claims sua sponte as an abuse of the writ. Although Crowell did not receive notice or an opportunity to be heard prior to the dismissal, any error was harmless because Crowell's claims are without merit. See Johnson v. Copinger, 420 F.2d 395, 399-400 (4th Cir.1969); United States v. Oliver, 865 F.2d 600, 603-605 (4th Cir.), cert. denied, 493 U.S. 830 (1989)